■ In the Matter of the Arbitration between NYACK BOARD OF EDUCATION, Respondent, and NYACK TEACHERS ASSOCIATION, Appellant. — In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from a judgment of the Supreme Court, Rockland County (Stolarik, J.), entered November 13, 1980, which granted petitioner's application and stayed arbitration. Judgment reversed, on the law, with $50 costs and disbursements, application denied, and the parties are directed to proceed to arbitration forthwith. The dispute at bar involves a demand for arbitration of a grievance filed on behalf of four members of the appellant teachers association, whose applications for career increments were denied by the career increment committee, established pursuant to subdivision F of article 14 of the collective bargaining agreement between the petitioner board and the appellant. In granting the application for a stay of arbitration, Special Term found that the use in the agreement of the terms "final disposition" and "final decision", in describing the determinations of the career increment committee, indicated an intent of the parties to remove those determinations from the arbitration process. The collective bargaining agreement contains a broad and unambiguous arbitration provision (art 20, subd C, stage 4), providing in relevant part that "if the grievance shall involve the interpretation or application of *any provision of this agreement,* the Association [appellant] may submit the grievance to arbitration" (emphasis added). Likewise, the definition of a "grievance" is a broad one, encompassing "a claim by any teacher or group of teachers in the negotiating unit based upon any event or condition affecting their terms and conditions of employment, limited to any claimed violation, misinterpretation, misapplication or inequitable application of this agreement." Thus, the grievance in question, involving as it does an alleged "violation, misinterpretation, misapplication and/or inequitable application" of subdivision F of article 14 of the agreement, is clearly within the scope of the arbitration provision. In view of the broad arbitration provision in this agreement, which encompasses the instant grievance, it is for the arbitrator, not the court, to interpret the substantive provisions of the agreement (see *Matter of Board of Educ. v West Babylon Teachers Assn.,* 52 NY2d 1002; *Board of Educ. v Barni,* 49 NY2d 311; *Matter of Wyandanch Union Free School Dist. v Wyandanch Teachers Assn.,* 48 NY2d 669). The remedy sought by the grievants is to be awarded the career increments. While the ultimate determination as to the actual awarding of

increments may be beyond the scope of the arbitrator's review powers, that would not necessarily preclude his review of the procedures followed by the committee in reaching its determination. The fact that the arbitrator cannot necessarily grant the relief requested does not preclude submission of the dispute to arbitration. Arbitrators have broad powers to fashion relief and a court, in deciding an application for a stay, should not assume in advance that the remedy granted will be an impermissible one *(Board of Educ. v Barni,* 51 NY2d 894; *Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.,* 45 NY2d 411). Hopkins, J.P., Rabin, Cohalan and O'Connor, JJ., concur.