■ In the Matter of ANDREAS A. PALOUMPIS, as President of Onondaga Community College, Respondent, v ONONDAGA COMMUNITY COLLEGE FEDERATION OF TEACHERS, AFT LOCAL 1845, on Behalf of ANNA STAVE, Appellant. — Order unanimously reversed, with costs and application to stay arbitration denied. Memorandum: Special Term granted petitioner's application to stay arbitration (CPLR 7503, subd [b]) on the ground that respondent's "Demand for Arbitration is not the subject of an agreement to arbitrate between the parties". We disagree. The collective bargaining agreement permits arbitration of "all grievances." A grievance is defined as "a complaint * * * regarding an alleged 'Violation,' 'Misinterpretation' or 'Inequitable Application' of any term or provision of this agreement." The demand for arbitration and the underlying grievance allege a violation of the procedures to be followed by Onondaga Community College where there is retrenchment of personnel, and demands that the grievant, a retrenched member of the drama department, be given certain choices, one of which is a position in the English department. It is alleged that petitioner violated articles IV and X of the collective bargaining agreement and thus the grievance is clearly within the scope of the arbitration provision. It appears that the award to grievant of a position in the English department would require the creation of a new position. Petitioner contends that it did not, and could not, agree to arbitrate the creation of new positions and hence the issue is not subject to arbitration (see *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509). That the arbitrator cannot necessarily grant the relief requested

does not preclude submission of the dispute to arbitration. "Arbitrators have broad powers to fashion relief and a court, in deciding an application for a stay, should not assume in advance that the remedy granted will be an impermissible one [citations omitted]." (*Matter of Nyack Bd. of Educ.* [*Nyack Teachers Assn.*], 84 AD2d 580, 581, affd 55 NY2d 959.) The dispute, therefore, should proceed to arbitration and, if an award is warranted, for the fashioning of such an award as is permitted by the collective bargaining agreement (see *Sweet Home Cent. School Dist. v Sweet Home Educ. Assn.,* 90 AD2d 683, affd 58 NY2d 912). (Appeal from order of Supreme Court, Onondaga County, Stone, J. —, arbitration.) Present — Dillon, P. J., Boomer, Green, Moule and Schnepp, JJ.