◼ In the Matter of BOARD OF EDUCATION OF THE ENLARGED CITY SCHOOL DISTRICT OF THE CITY OF NEWBURGH, Appellant, v NEWBURGH TEACHERS' ASSOCIATION, Respondent.—In a proceeding pursuant to CPLR article 75 to stay arbitration , the Board of Education of the Enlarged City School District of the City of Newburgh appeals from a judgment of the Supreme

Court, Orange County (Ritter, J.), dated October 23, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The respondent Newburgh Teachers' Association sought arbitration of a grievance arising under an employee evaluation procedure appended to the parties' collective bargaining contract. It is clear by the language used to affix that appendix to the contract that the parties intended it to be part of the contract, not a separate document. Therefore, any grievance arising out of that appendix is arbitrable (cf., *County of Rockland v Rockland County Unit of Rockland Community Coll. Fedn. of Teachers,* 125 AD2d 531, 532).

The appellant's assertion that the evaluation procedures cannot be the subject of arbitration because of an important public policy is also without merit. The Commissioner of Education's rule mandating that such evaluation be carried out does not specify the supplemental procedural steps preliminary to the evaluation (see, 8 NYCRR 100.2 [o]). While it is true that substantive rights cannot be the subject of collective bargaining or arbitration (see, *Matter of Riverhead Cent. School Dist. v Riverhead Cent. Faculty Assn.,* 140 AD2d 526), it is also true that procedural rights can be bargained for or arbitrated (see, *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774; *Matter of Board of Educ. v Yonkers Fedn. of Teachers,* 129 AD2d 702, 703). The grievance at issue herein is clearly procedural in nature. The respondent is not challenging the petitioner's right to evaluate its members. Instead, it challenges the method by which the evaluation is to be done. Such procedural disputes are proper subjects for arbitration (see, *Matter of Board of Educ. v Yonkers Fedn. of Teachers, supra).* Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.