■ INCORPORATED VILLAGE OF EAST HAMPTON, Appellant, v EAST HAMPTON VILLAGE POLICE BENEVOLENT ASSOCIATION, Respondent.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner appeals from an order of the Supreme Court, Suffolk County (Saladino, J.), entered September 15, 1987, which denied the application and granted the respondent's cross motion to dismiss the petition.

Ordered that the order is affirmed, with costs.

The petitioner and the respondent association were parties to a collective bargaining agreement governing the terms and conditions of employment of members of the respondent association. Section 27 of that agreement establishes procedures to be followed in resolving disputes, the last level of which is arbitration, but section 27 (VI) (3) provides that: "Such items as dismissals, demotions, suspensions, reduction in pay, position classification, salary, allocations, Civil Service examination and other matters which are specifically covered in other procedures or laws are not subject to review as grievances under this procedure".

On April 15, 1987, while the agreement was in effect, Detective Daniel J. Mazzeo, a member of the respondent association, was demoted after allegedly filing a complaint about another detective in the East Hampton Village Police Department. The respondent association filed two grievances on Mazzeo's behalf on the same day, alleging various violations of his substantive rights under the agreement.

Pursuant to the grievance procedure outlined in the agreement, the respondent association notified the petitioner of its

intention to arbitrate. The petitioner then sought a stay of arbitration, claiming that this procedure was unavailable since the alleged grievances involved a transfer to a different duty and are not proper subjects for review under the agreement. The respondent cross-moved to dismiss the petition. The petitioner's motion was denied and respondent's cross motion was granted.

. As the Supreme Court observed, the parties' agreement to arbitrate is clear and unequivocal. That there is some uncertainty as to whether the grievances are encompassed within section 27 (VI) (3) of the agreement, which reserves to the petitioner certain management rights, or section 26 (6) and section 27 (VI) (2) which protect a grievant from unjust treatment by a fellow officer or retaliatory behavior by the petitioner, "is not dispositive of whether arbitration is available here * * * the scope of coverage * * * is a matter of contract interpretation and application * * * for the arbitrator to resolve" *(Matter of County of Broome [Fitzpatrick],* 111 AD2d 467, 468).

Further, even though the relief asked for is the grievant's reinstatement to his former position and this relief may be precluded by the exclusion clause in section 23 of the agreement, the fact that the arbitrator cannot necessarily grant the relief requested does not preclude the submission of the dispute to arbitration. " 'Arbitrators have broad powers to fashion relief and a court, in deciding an application for a stay, should not assume in advance that the remedy granted will be an impermissible one' " *(Matter of Paloumpis v Onondaga Community Coll. Fedn. of Teachers,* 96 AD2d 1136, 1137; *Matter of Nyack Bd. of Educ. [Nyack Teachers Assn.],* 84 AD2d 580, 581). Mangano, J. P., Lawrence, Eiber and Spatt, JJ., concur.