◼ In the Matter of CITY OF NEWBURGH, Respondent, v CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Appellant. [648 NYS2d 675] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from a judgment of the Supreme Court, Orange County (Sherwood J.), dated November 3, 1995, which granted the petition.

Ordered that the judgment is reversed, on the law, with costs, and the petition is denied.

On May 15, 1995, Brent LaDuca, a member of the Civil Service Employees Association (hereinafter CSEA), allegedly sustained an injury to his back while in the course of his employment with the petitioner City of Newburgh (hereinafter City). Asserting that he had been disabled by the injury, LaDuca notified the City that he would be absent from work and that a claim for Workers' Compensation benefits would be filed. On or about May 21, 1995, the City placed LaDuca on paid leave pursuant to article VIII (C) (1) of the collective bargaining agreement between it and the CSEA, which provided: "An employee who is necessarily absent from duty because of occupational injury or disease as defined by the Workers' Compensation Law and who is allowed leave from his

position pursuant to section 71 of the Civil Service Law shall receive full salary for a maximum period of nine months during such absence".

On June 15, 1995, LaDuca, at the City's request, was examined by Dr. Torsten Schwake. Dr. Schwake determined that LaDuca suffered from a mild impairment and that he was fit for sedentary work immediately and full duty within two weeks. LaDuca was ordered to report for work. However, LaDuca did not report. Accordingly, the City reversed its prior grant of paid leave and removed LaDuca from the payroll effective June 30, 1995. On August 3, 1995, LaDuca was again examined by Dr. Schwake, who found no disability. However, despite a second demand by the City, LaDuca, again, refused to report for work. After the grievances LaDuca filed with the City proved unsuccessful, the CSEA filed a demand for arbitration of his claim. The CSEA alleged that the City had improperly withdrawn the benefits that it had granted LaDuca pursuant to the collective bargaining agreement. The City thereafter filed the instant proceeding seeking to stay the arbitration pursuant to CPLR 7503 on the grounds that the issues raised by the CSEA were not arbitrable. The Supreme Court granted the stay. We now reverse.

Pursuant to CPLR 7503 (b), a party may apply to stay an arbitration on the grounds that a valid agreement to arbitrate has not been made or has not been complied with, or that the claim would be barred by the relevant Statute of Limitations had the claim been asserted in a court of the State (*see, Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1). Further, a court may stay arbitration when the particular claim to be arbitrated is not within the scope of the arbitration agreement (*see, Matter of County of Rockland [Primiano Constr. Co.]*, *supra*, at 7; *Gangel v DeGroot*, 41 NY2d 840). Here, pursuant to article XII of the collective bargaining agreement, an employee may, *inter alia*, seek binding arbitration of "a claim of violation, misinterpretation or misapplication of the terms of the written collective bargaining agreement". A challenge to the propriety of the City's withdrawal of its grant of paid leave to LaDuca pursuant to article VIII (C) of the collective bargaining agreement is a claim within the scope of the arbitration clause. The mere fact that the arbitration may entail the incidental interpretation or application of statutes does not compel a different result (*see, Matter of Garcia v Federal Ins. Co.*, 46 NY2d 1040; *Matter of Associated Teachers v Board of Educ.*, 33 NY2d 229; *Morris v Government Empls. Ins. Co.*, 81 AD2d 880; *Matter of Shand [Aetna Ins. Co.]*, 74 AD2d 442). Accordingly, there be-

ing no other grounds upon which to grant the City's petition, arbitration should not have been stayed. Miller, J. P., Ritter, Krausman and Florio, JJ., concur.