■ In the Matter of NEW YORK CITY TRANSIT AUTHORITY, Respondent, v AMALGAMATED TRANSIT UNION OF AMERICA,

AFL-CIO, LOCAL 1056, et al., Appellants. [726 NYS2d 694] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from an order of the Supreme Court, Kings County (Hutcherson, J.), dated July 20, 2000, which granted the petition and permanently stayed arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The petitioner New York City Transit Authority (hereinafter the NYCTA) employed nonparty Marvin Moses as a bus driver. In July 1999 the NYCTA received a notice from the New York State Department of Motor Vehicles (hereinafter the DMV) that Moses's license would be suspended effective August 3, 1999, because he had allowed his automobile insurance to lapse. On November 23, 1999, the NYCTA received further notice from the DMV indicating that Moses's license had been suspended as of August 3, 1999. The NYCTA learned that Moses had continued to drive a bus during his suspension. Accordingly, citing Vehicle and Traffic Law article 19-A, the NYCTA suspended Moses's employment for 64 days, a period equal to that during which he drove with a suspended license (*see*, Vehicle and Traffic Law § 509-i). The appellant union, on behalf of Moses, thereafter filed a disciplinary grievance with the NYCTA pursuant to the parties' Collective Bargaining Agreement (hereinafter the CBA), asserting that Moses was entitled to a determination whether his suspension from employment was for cause as required by the CBA. The appellant union argued, *inter alia*, that the suspension of Moses's license was made in error, in that Moses had automobile insurance in effect during the entire period of the suspension, and that Moses was unaware of the suspension because the DMV failed to notify him.

After the appellant union lost in the first three steps of the grievance procedure, it demanded arbitration as provided for in the CBA. The NYCTA thereafter commenced this proceeding pursuant to CPLR article 75 to stay the arbitration. The NYCTA argued, *inter alia*, that the grievance was not arbitrable because it was merely performing its statutory obligation to enforce the Vehicle and Traffic Law, and that the performance of such a statutory duty was not subject to arbitration pursuant to the parties' arbitration agreement. In any event, it argued, the grievance was without merit because the alleged failure of Moses to receive notice from the DMV of the suspension was wholly his own fault, as he failed, as required by statute, to inform the DMV of a change of address. In the order appealed from, the Supreme Court granted the petition and permanently stayed arbitration. We reverse.

A court may stay an arbitration on the ground, *inter alia,* that the particular claim sought to be arbitrated does not fall within the scope of the parties' arbitration agreement (*see, Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1; *Matter of City of Newburgh v Civil Serv. Empls. Assn.,* 232 AD2d 555; *Matter of New York City Tr. Auth. v Transit Workers Union,* 177 AD2d 695; CPLR 7503 [b]). In making such a determination, the courts are not to engage in a penetrating analysis of the scope of the substantive provisions of a CBA (*see, Matter of Board of Educ. [Watertown Educ. Assn.],* 93 NY2d 132, 143; *Matter of Silverman [Benmor Coats],* 61 NY2d 299). Rather, the courts are merely to determine "whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA" (*see, Matter of Board of Educ., supra,* at 143). When an arbitration provision is broad, to exclude a substantive issue from arbitration generally requires specific enumeration in the arbitration clause itself of the subjects intended to be put beyond the arbitrator's reach (*see, Matter of Silverman [Benmor Coats], supra*).

Here, the arbitration provision of the CBA is broad, and there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA. The CBA prohibits the arbitrator from rendering a determination or opinion "limiting or interfering in any way with the statutory powers, duties, and responsibilities of the Authority in operating, controlling, and directing the maintenance and operation of the transit facilities, or with the Authority's managerial responsibility to run the transit lines safely, efficiently, and economically." Contrary to the contention of the NYCTA, whether the resolution of the grievance by the arbitrator would violate that prohibition is not a matter for the courts. Rather, such an inquiry requires the type of exacting interpretation of the precise scope of the substantive provisions of the CBA that is for the arbitrator (*see, Matter of Board of Educ., supra; Matter of Silverman [Benmor Coats], supra; Incorporated Vil. of E. Hampton v East Hampton Police Benevolent Assn.,* 149 AD2d 407). The merits of the grievance are for the arbitrator to determine (*see, Matter of Board of Educ., supra*), and that this may require interpretation or application of statutes such as Vehicle and Traffic Law article 19-A does not compel a different result (*see, Board of Educ. v Glaubman,* 53 NY2d 781; *Matter of Garcia v Federal Ins. Co.,* 46 NY2d 1040; *Matter of City of Newburgh v Civil Serv. Empls. Assn.,* 232 AD2d 555). Ritter, J. P., S. Miller, Feuerstein and Schmidt, JJ., concur.