■ In the Matter of BOARD OF EDUCATION OF YORKTOWN CENTRAL SCHOOL DISTRICT, Respondent, v YORKTOWN CONGRESS OF TEACHERS, Appellant. [949 NYS2d 777]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim by a teacher for approval of certain graduate credits for compensation pursuant to a collective bargaining agreement, Yorktown Congress of Teachers appeals from an order of the Supreme Court, Westchester County (Giacomo, J.), entered June 9, 2011, which granted the petition and, in effect, denied its cross petition to compel arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is denied, the cross petition to compel arbitration is granted, and the parties are directed to proceed to arbitration.

The Board of Education of the Yorktown Central School District (hereinafter the Board) and the Yorktown Congress of Teachers (hereinafter the YCT) are parties to a collective bargaining agreement (hereinafter the CBA). Pursuant to article V of the CBA, teachers were to be paid in accordance with an annexed salary schedule, which provided for payments for approved graduate credits. Further, article IV of the CBA established a four-step grievance procedure culminating in bind-

ing arbitration. A "grievance" is defined as "any dispute or claim by either party . . . arising out of or in connection with this Agreement." The CBA excluded from the grievance procedure, inter alia, matters which involved the Board's discretion or the nonapproval of tenure, and matters as to which the method of review was prescribed by law.

In November 2010, the YCT filed a grievance on behalf of one of its members, alleging that the Board violated the CBA and past practices by refusing to approve certain graduate credits for compensation. After the grievance was denied in the first three steps of the grievance procedure, the YCT demanded arbitration. The Board thereafter commenced this proceeding pursuant to CPLR article 75 to stay the arbitration, and the YCT cross-petitioned to compel arbitration. In the order appealed from, the Supreme Court granted the petition and, in effect, denied the YCT's cross petition. The YCT appeals, and we reverse.

In determining whether a dispute between a public sector employer and employee is arbitrable, a court must first determine whether " 'there is any statutory, constitutional or public policy prohibition against arbitration of the grievance' " (*Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 519 [2007], quoting *Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278 [2002]). If there is no prohibition against arbitration, the court must examine the parties' collective bargaining agreement to determine "whether the parties in fact agreed to arbitrate the particular dispute" (*Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d at 519; *see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100*, 88 AD3d 889, 890-891 [2011]).

Contrary to the Board's contention, arbitration of this dispute is not prohibited by public policy or statute, including those provisions of the Education Law permitting any party aggrieved by a determination of a board of education to appeal to the Commissioner of Education (*see* Education Law § 310; *Matter of Haessig [Oswego City School Dist.]*, 90 AD3d 1657, 1658 [2011]) and granting boards of education the general power to employ qualified teachers and manage the educational affairs of the school district (*see* Education Law § 1709 [16], [33]; *Matter of Board of Educ. of Mt. Sinai Union Free School Dist. v Mt. Sinai Teachers' Assn.*, 139 AD2d 733, 735 [1988]; *see also Matter of*

*United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 80-82 [2003]; *Matter of Board of Educ., Great Neck Union Free School Dist. [Great Neck Teachers Assn.]*, 56 AD2d 926, 927 [1977]).

In analyzing whether the parties in fact agreed to arbitrate the particular dispute, a court "is merely to 'determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA' " (*Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d at 279, quoting *Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 143 [1999]). Here, the arbitration provisions of the CBA are broad, and there is a reasonable relationship between the subject matter of the dispute, which involves a claim for approval of graduate credits for compensation, and the general subject matter of the CBA (*see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d at 143; *Matter of Hartsdale Fire Dist. v Greenburgh Uniform Firefighters Assn., Inc., Local 1586, IAFF, AFL-CIO*, 55 AD3d 731, 731 [2008]; *Matter of Board of Educ. of Enlarged City School Dist. of City of Newburgh v Newburgh Teachers' Assn.*, 146 AD2d 769, 769 [1989]). Although some uncertainty exists as to whether the subject matter of the dispute is encompassed within the provision governing payments for approved graduate credits or the exclusion from arbitration of matters involving the Board's discretion, any alleged ambiguity in the CBA "regarding the coverage of any applicable provision is . . . a matter of contract interpretation for the arbitrator to resolve" (*Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn.*, 77 AD3d 747, 749 [2010]; *see Matter of Board of Educ. of Watertown City School Dist. v Watertown Educ. Assn.*, 74 NY2d 912, 913 [1989]; *Matter of Town of Ramapo v Ramapo Police Benevolent Assn.*, 17 AD3d 476, 478 [2005]; *Incorporated Vil. of E. Hampton v East Hampton Vil. Police Benevolent Assn.*, 149 AD2d 407 [1989]).

Accordingly, the Supreme Court should have denied the Board's petition to stay arbitration and granted the YCT's cross petition to compel arbitration, and we direct the parties to proceed to arbitration. Rivera, J.P., Eng, Lott and Miller, JJ., concur.