■ In the Matter of the Arbitration between NORWOOD-NORFOLK CENTRAL SCHOOL BOARD OF EDUCATION, Respondent, and NORWOOD-NORFOLK CENTRAL SCHOOL CIVIL SERVICE EMPLOYEES ASSOCIATION et al., Appellants.— Appeal from an order and judgment of the Supreme Court at Special Term, entered May 8, 1978 in St. Lawrence County, which granted petitioner's application to stay arbitration. At issue herein is a grievance by the appellant Peter Smith and arbitrability pursuant to the following provisions of articles V and XII (section III) of a public employee contract: "4) Filling posted vacancies: In awarding a posted vacancy, the following factors will be considered: a. Seniority within department b. Ability to perform required duties c. Physical fitness d. Experience e. Special needs of the district All other considerations being equal, seniority within department shall prevail. * * * Section III - Procedures In the event that any difference or dispute should arise between the Employer and the Union, or its members employed by the Employer, over the application and interpretation of the terms of this Agreement, there shall be no work slowdown or work stoppage. An earnest effort shall be made to settle such differences immediately, and in the following manner: Arbitration: If any grievance or dispute cannot be satisfactorily settled, the grievance shall be submitted by either party to the New York State Mediation Board for final and binding decision. In the event the losing party fails to abide by the arbitrator's decision, or either party refuse to submit to his jurisdiction, the other party shall have the

right to take immediately all legal recourse." Article V deals with seniority and "non-teaching employees" and in particular the "posting of vacancies" as to a "non-instructional job opening". Smith is a mechanic employed by the petitioner school district. He is covered by a collective bargaining agreement which extends from July 1, 1976 to June 30, 1978. Smith applied for an opening with the petitioner as a senior mechanic. On November 22, 1977 petitioner appointed a mechanic from outside the district. On December 22, 1977 Smith filed a grievance. The petitioner rejected the grievance as untimely. Smith then served a demand for arbitration which, upon motion, was denied by Special Term in its order staying arbitration. The grievance filed by Smith with his superior stated, in pertinent part, as follows: "We believe according to Article V #4, Seniority shall prevail." As noted hereinabove, the grievance was rejected as untimely and the demand for arbitration stated the issue as follows: "Pete Smith claims violation of Art V of the present agreement in that a Senior Automotive Mechanic was filled from outside. Mr. Smith claims all other factors as listed in the article are equal and therefore seniority should prevail." As Special Term noted in its decision, the question of timeliness of filing the grievance would be for the arbitrator to decide. However, Special Term erred in finding that the subject provision for the grant of a preference to seniority after finding the applicants equal in all other respects would violate public policy *(Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn., 45 NY2d 746; see, also, Port Washington Union Free School Dist. v Port Washington Teachers Assn., 45 NY2d 411)*. Further, the demand for arbitration alleges a "dispute" as to the application of the contract and the most cursory examination of the applicable provisions of article XII of the agreement (section III) as quoted hereinabove establishes that such matters were unequivocally committed to the process of arbitration *(Matter of South Colonie Cent. School Dist. v Longo, 43 NY2d 136, 141; cf. Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d 509)*. Finally, the contention of the petitioner that article IX of the agreement (Management Rights) would reserve this issue solely to its board of education is without any merit. The management provision is explicitly made subject to all other express provisons of the contract. Order and judgment reversed, on the law and the facts, with costs to appellants, and motion to stay arbitration denied. Mahoney, P. J., Greenblott, Staley, Jr., Mikoll and Herlihy, JJ., concur.