■ In the Matter of BOARD OF EDUCATION OF WEST BABYLON UNION FREE SCHOOL DISTRICT, Respondent, v WEST BABYLON TEACHERS ASSOCIATION, Appellant. [658 NYS2d 974] —In a proceeding pursuant to CPLR article 75 to stay arbitration of certain grievances, the appeal is from a judgment of the Supreme Court, Suffolk County (Dunn, J.), dated April 25, 1996, which upon granting the petition, permanently stayed the arbitration.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the parties are directed to proceed to arbitration.

It is well settled that if it is determined that an arbitration clause is broad enough to encompass the subject matter of the dispute, "[t]he question of the scope of the substantive provisions of the contract is itself a matter of contract interpretation and application, and hence it must be deemed a matter for resolution by the arbitrator" *(Board of Educ. v Barni,* 49 NY2d 311, 314; *see also, Matter of Franklin Cent. School [Franklin Teachers Assn.],* 51 NY2d 348, 355; *Board of Educ. v Cattaraugus Teacher's Assn.,* 84 AD2d 685, *affd* 55 NY2d 951).

Contrary to the contentions of the petitioner, Board of Education of the West Babylon Union Free School District, the arbitration clause of the parties' collective bargaining agreement is broad enough to encompass the grievances sought to be arbitrated, and arbitration of these grievances would not be violative of public policy *(see, Matter of Enlarged City School Dist. [Troy Teachers Assn.],* 69 NY2d 905; *cf., Matter of Riverhead Cent. School Dist. v Riverhead Cent. Faculty Assn.,* 140 AD2d 526).

Accordingly, the petition to stay arbitration should have been denied. Bracken, J. P., Sullivan, Santucci and Altman, JJ., concur.