■ In the Matter of GREENBURGH ELEVEN UNION FREE SCHOOL DISTRICT, Appellant, v GREENBURGH No. 11 FEDERATION OF TEACHERS, LOCAL 1532 AFT, AFL-CIO, et al., Respondents. [697 NYS2d 695] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered July 28, 1998, which denied the petition, dismissed the proceeding, and directed that "the [arbitration] shall proceed forthwith".

Ordered that the order is affirmed, with costs.

If it is determined that an arbitration clause is broad enough to encompass the subject matter of the dispute, "[t]he question of the scope of the substantive provisions of the contract is itself a matter of contract interpretation and application, and

hence it must be deemed a matter for resolution by the arbitrator" (*Board of Educ. v Barni,* 49 NY2d 311, 314; *see, Matter of Board of Educ. [Watertown Educ. Assn.],* 93 NY2d 132, 143; *Matter of Board of Educ. v Watertown Educ. Assn.,* 74 NY2d 912; *Matter of Board of Educ. v West Babylon Teachers Assn.,* 239 AD2d 573).

The petitioner and the respondent Greenburgh No. 11 Federation of Teachers, Local 1532, AFT, AFL-CIO (hereinafter the Union) are parties to a collective bargaining agreement (hereinafter the CBA) which incorporated a Memorandum of Agreement (hereinafter the Agreement). Paragraph 8, Section 2b of the Agreement, governing lateness, provides that after the ninth occasion of lateness of under 20 minutes, a meeting will be held with the employee and a union representative. A second meeting will be held after the tenth such lateness. It is undisputed that the petitioner preferred charges, pursuant to Education Law § 3020-a, against 15 tenured teachers, alleging, *inter alia,* several occasions of lateness, but failed to hold the required meetings in compliance with the progressive disciplinary scheme agreed upon. The Union filed a grievance alleging that the petitioner violated the CBA.

Article VII of the CBA provides for a three-stage grievance process culminating in binding arbitration and further provides that a " 'grievance' shall mean any violation * * * of this Agreement". Since there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA, the Supreme Court properly ruled the matter to be arbitrable (*see, Matter of Board of Educ. [Watertown Educ. Assn.], supra,* 93 NY2d, at 143). Joy, J. P., Friedmann, Goldstein and McGinity, JJ., concur.