■ In the Matter of HARTSDALE FIRE DISTRICT, Appellant, v GREENBURGH UNIFORM FIREFIGHTERS ASSOCIATION, INC., LOCAL 1586, IAFF, AFL-CIO, Respondent. [865 NYS2d 347]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered November 13, 2007, as dismissed the petition.

Ordered that the order is affirmed insofar as appealed from, with costs.

The arbitration provision of the parties' collective bargaining agreement (hereinafter the CBA) is broad, as it provides for arbitration of disputes "concerning the meaning, application or interpretation of this Agreement, which remains unresolved after presentation to, and processing through the grievance procedure." Further, the CBA provides that a grievance may be pursued for "any question or problem that may arise." Here, there is a reasonable relationship between the subject matter of the disputes, which involves the respondent's grievances over the petitioner's directives that the respondent's union members work and train in a fire-damaged firehouse before the firehouse was fully repaired, and the general subject matter of the CBA (*see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.],* 93 NY2d 132, 143 [1999]). Moreover, the arbitration clause in the CBA does not specifically exclude from arbitration the subject matter of the grievances, which concern public health and the safety of public employees (*see Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308 [1984]). Accordingly, the question of the scope of the substantive provisions of the CBA is a matter of contract interpretation and application reserved for the arbitrator (*see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.],* 93 NY2d at 143; *Board of Educ. of Lakeland Cent. School Dist. of Shrub Oak v Barni,* 49 NY2d 311, 314 [1980]; *Matter of New York City Tr. Auth. v Amalgamated Tr. Union of Am., AFL-CIO, Local 1056,* 284 AD2d 466 [2001]; *Matter of Greenburgh Eleven*

*Union Free School Dist. v Greenburgh No. 11 Fedn. of Teachers, Local 1532 AFT, AFL-CIO*, 266 AD2d 213 [1999]).

There is no merit to the petitioner's contention that the trial court could address the issue of whether the respondent failed to comply with a condition precedent before demanding arbitration. In general, disputes over the parties' adherence to the grievance procedure set forth in the parties' CBA is for the arbitrator to determine, not for the courts (*see Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp.*, 4 NY3d 247, 252 [2005]). Under the circumstances, the petitioner's contention that grievances must be pursued only by individual employees, rather than by the respondent, especially in light of the respondent's contention that the petitioner has a past practice of hearing grievances pursued solely by the respondent, is a matter for the arbitrator to resolve.

The parties' remaining contentions are without merit. Mastro, J.P., Angiolillo, Carni and Eng, JJ., concur.