In the Matter of BOARD OF EDUCATION OF DEER PARK UNION FREE SCHOOL DISTRICT, Appellant, v DEER PARK TEACHERS' ASSOCIATION, Respondent. [909 NYS2d 738]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the appeal is from a judgment of the Supreme Court, Suffolk County (Rebolini, J.), entered December 3, 2009, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In June 2000 Regina Moraitis, in response to a newspaper advertisement, applied for the position of computer technology staff developer with the Deer Park Union Free School District. In or around July 2000, she was appointed to the position of computer teacher, and in April 2003 she was awarded tenure in that area. In January 2009 the petitioner, Board of Education of the Deer Park Union Free School District (hereinafter the appellant), abolished Moraitis's position and terminated her employment. According to the appellant, its appointment of Moraitis to the position of computer teacher, instead of computer technology staff developer, was a mistake it did not discover until years after the appointment.

In March 2009 the Deer Park Teachers' Association (hereinafter the Teachers' Association), pursuant to a collective bargaining agreement between the appellant and the Teachers' Association, filed a grievance on behalf of Moraitis and thereafter filed a demand for arbitration. The demand described the nature of the grievance as one for contract interpretation, and asserted that the appellant had violated the collective bargaining agreement by abolishing Moraitis's teaching position and not offering her an available position. The appellant commenced this proceeding to permanently stay arbitration on the ground that Moraitis did not hold a position within the bargaining unit represented by the Teachers' Association. The Supreme Court, in effect, denied the petition and dismissed the proceeding. We affirm.

The determination of whether a dispute between a public sec-

tor employer and employee is arbitrable is subject to the two-prong test enunciated by the Court of Appeals in *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. (United Liverpool Faculty Assn.)* (42 NY2d 509, 513-514 [1977]), and in *Matter of Board of Educ. of Watertown City School Dist. (Watertown Educ. Assn.)* (93 NY2d 132 [1999]). Initially, the court must determine whether there is any statutory, constitutional, or public policy prohibition against arbitrating the grievance (*see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 519 [2007]; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d at 514). If there is no prohibition against arbitrating, the court must examine the parties' collective bargaining agreement and determine if they in fact agreed to arbitrate the particular dispute (*see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d at 519).

Here, the appellant does not argue that arbitration of the subject matter of the dispute was prohibited by law or public policy. Thus, the only issue is whether the parties agreed to arbitrate the particular dispute. If an arbitration clause is broad enough to encompass the subject matter of a dispute, "[t]he question of the scope of the substantive provisions of the contract is itself a matter of contract interpretation and application, and hence it must be deemed a matter for resolution by the arbitrator" (*Board of Educ. of Lakeland Cent. School Dist. of Shrub Oak v Barni*, 49 NY2d 311, 314 [1980]). Furthermore, a stay of arbitration is inappropriate where "the parties' agreement to arbitrate the dispute is clear and unequivocal but there is some ambiguity as to the coverage of the applicable substantive provision of the contract" (*id.* at 314-315; *see Matter of Board of Educ. of Watertown City School Dist. v Watertown Educ. Assn.*, 74 NY2d 912, 913 [1989]).

Here, the recognition clause of the parties' collective bargaining agreement provides that the Teachers' Association is the exclusive negotiating representative of the unit of employees described as "[a]ll professional teaching personnel and all nonteaching professional personnel (guidance counselors, attendance officers, librarians, social workers, school psychologists and coordinators)." The recognition clause explicitly excludes certain employees such as the superintendent, assistant superintendents, principals, assistant principals, supervisors, and department chairmen. The list of excluded employees does

not include either the position of computer technology staff developer or computer teacher. Article XIII, section 1 (a) of the collective bargaining agreement defines a grievance terminating in binding arbitration as "a claim based upon interpretation, meaning or application of any provision of this contract." The only claim excluded from article XIII, section 1 (a) is a claim regarding the denial of tenure.

The parties' collective bargaining agreement clearly provides for arbitration of a dispute involving the proper interpretation of its provisions. Thus, on its face, the subject matter of the dispute as set forth in the demand for arbitration is arbitrable (*see Matter of Babylon Union Free School Dist. v Babylon Teachers Assn.*, 79 NY2d 773, 774 [1991]; *Matter of Norwood-Norfolk Cent. School Bd. of Educ. [Norwood-Norfolk Cent. School Civ. Serv. Empls. Assn.]*, 67 AD2d 1058 [1979]). Any alleged ambiguity in the collective bargaining agreement regarding the coverage of any applicable provision is also a matter of contract interpretation for the arbitrator to resolve (*see Matter of Town of Ramapo v Ramapo Police Benevolent Assn.*, 17 AD3d 476, 478 [2005]).

The appellant's remaining contentions are without merit.

Accordingly, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding. Dillon, J.P., Florio, Roman and Sgroi, JJ., concur.