■ In the Matter of PROFESSIONAL FIREFIGHTERS ASSOCIATION OF NASSAU COUNTY, LOCAL 1588, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, AFL-CIO, Appellant, v VILLAGE OF GARDEN CITY, Respondent. [989 NYS2d 327]—

In a proceeding pursuant to CPLR 7510, inter alia, to confirm an arbitration award dated February 25, 2013, in which the respondent moved to vacate the award, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Diamond, J.), entered July 1, 2013, as denied that branch of its petition which was to confirm the award, and granted the respondent's motion to vacate the award.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was to confirm the arbitration award is granted, and the motion to vacate the award is denied.

Arbitration decisions are entitled to deference from the courts (*see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]), and will not be disturbed unless they are irrational, violate public policy, or exceed a specifically enumerated limitation on the arbitrator's power (*see Matter of Shenendehowa Cent. Sch. Dist. Bd. of Educ. [Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Local 864]*, 20 NY3d 1026, 1027 [2013]; *Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100*, 14 NY3d 119, 123 [2010]; *Matter of Westchester County Corr. Officers' Benevolent Assn. v County of Westchester*, 100 AD3d 644 [2012]).

Contrary to the contention of the respondent, Village of Garden City, and the determination of the Supreme Court, the challenged arbitration award did not exceed a specifically enumerated limitation on the arbitrator's power. Rather, the arbitrator acted within her broad authority under the collective bargaining agreement by relying upon the prior agreements and past practices of the parties in interpreting the provisions of the agreement, and in determining that the Village violated it by assigning the operation of first line equipment to volunteer firefighters rather than to paid firefighters represented by the petitioner (*see generally Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 583 [1977]; *Matter of Meegan v Brown*, 81 AD3d 1403, 1404-1405 [2011]; *Matter of City of*

*Watertown [Watertown Professional Firefighters' Assn., Local #191],* 280 AD2d 893, 894 [2001]).

Similarly, the arbitrator's award was neither irrational nor violative of public policy (*see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO,* 99 NY2d 1 [2002]; *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York,* 94 NY2d 321 [1999]). Accordingly, the court erred in denying that branch of the petition which was to confirm the award and in granting the Village's motion to vacate it. Mastro, J.P., Leventhal, Lott and Miller, JJ., concur.