■ In the Matter of County of Rockland, Respondent, v Correction Officers Benevolent Association of Rockland County, Inc., Appellant. [5 NYS3d 197]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the appeal is from an order of the Supreme Court, Rockland County (Garvey, J.), dated March 14, 2014, which granted the petition to permanently stay arbitration and denied the cross petition to compel arbitration.

Ordered that the order is affirmed, with costs.

A correction officer filed a grievance after he was denied a longevity pay increase. After his grievance was denied, the appellant, Correction Officers Benevolent Association of Rockland County, Inc. (hereinafter the Union), filed a notice of intent to arbitrate the grievance.

The County of Rockland commenced this proceeding to permanently stay arbitration on the ground that the parties had not agreed to arbitrate this type of grievance. The Union cross-petitioned to compel arbitration, arguing that the collective bargaining agreement (hereinafter the CBA) permitted arbitration of this dispute.

The Supreme Court determined that the parties had only agreed to arbitrate certain limited matters expressly delineated in the CBA and that the parties had not agreed to arbitrate the type of grievance at issue. Accordingly, the court granted the petition, denied the cross petition, and permanently stayed arbitration.

"The determination of whether a dispute between a public sector employer and employee is arbitrable is subject to [a] two-prong test" (*Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn.*, 77 AD3d 747, 747-748 [2010]; *see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 137-138 [1999]; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509, 512 [1977]). "Initially, the court must determine whether there is any statutory, constitutional, or public policy prohibition against arbitrating the grievance" (*Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn.*, 77 AD3d at 748; *see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 519 [2007]; *Matter of County of Rockland v Civil Serv. Empl. Assn., Inc.*, 93 AD3d 721, 721-722 [2012]). "If there is no prohibition against arbitrating, the court must examine the parties' collective bargaining agreement and determine if they in fact agreed to arbitrate the particular dispute" (*Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn.*, 77 AD3d at 748; *see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d at 519; *Matter of County of Rockland v Civil Serv. Empl. Assn., Inc.*, 93 AD3d at 722).

Here, the County did not contend that arbitration of the subject matter of the dispute was prohibited by law or public

policy. Thus, the only issue is whether the parties agreed to arbitrate the particular dispute (*see Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn.*, 77 AD3d at 748).

"Unlike general labor disputes in the private sector involving arbitration, the intent to arbitrate of parties to a collective bargaining agreement in the field of public employment may not be presumed" (*Matter of Board of Educ. of Valhalla Union Free Sch. Dist. v Valhalla Teachers Assn.*, 112 AD3d 620, 621 [2013]; *see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d at 141-142; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d at 513-514). "Indeed . . . it must be taken, in the absence of clear, unequivocal agreement to the contrary, that the [parties to a collective bargaining agreement] did not intend to refer differences which might arise to the arbitration forum" (*Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d at 514; *see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d at 141-142; *Matter of Board of Educ. of Valhalla Union Free Sch. Dist. v Valhalla Teachers Assn.*, 112 AD3d at 621).

Here, contrary to the Union's contention, the CBA did not broadly provide for the arbitration of any grievance that may arise under the CBA (*cf. Matter of City of White Plains v Professional Firefighters Assn., Local 274 I.A.F.F.*, 298 AD2d 456 [2002]). Rather, as the Supreme Court correctly concluded, the CBA limited the availability of arbitration to specifically enumerated matters (*see Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d at 515; *Matter of Pocantico Hills Cent. School Dist. v Pocantico Hills Teachers Assn.*, 264 AD2d 397, 398 [1999]). Since the grievance at issue in this case fell outside the arbitration provisions of the CBA, the Union failed to demonstrate that "the parties in fact agreed to arbitrate [this] particular dispute" (*Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d at 519; *see Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d at 515; *Matter of Town of Hempstead v Civil Serv. Empls. Assn.*, 286 AD2d 401, 401 [2001]; *Matter of Pocantico Hills Cent. School Dist. v Pocantico Hills Teachers Assn.*, 264 AD2d at 398; *Matter of Board of Educ. of Pine Plains Cent. School Dist. v Pine Plains Fedn. of Educators*, 248 AD2d 612, 612 [1998]). Accordingly,

the Supreme Court properly granted the petition to permanently stay arbitration and denied the cross petition to compel arbitration. Rivera, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.