■ In the Matter of VILLAGE OF GARDEN CITY, Appellant, v LOCAL 1588, PROFESSIONAL FIREFIGHTERS ASSOCIATION, Respondent. [18 NYS3d 151]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals from an order of the Supreme Court, Nassau County (Woodard, J.), dated October 28, 2013, which denied the petition and granted the respondent's motion to compel arbitration.

Ordered that the order is affirmed, with costs.

The respondent filed a grievance and requested arbitration in light of the petitioner's decision to lay off six bargaining unit members and assign bargaining unit work to nonbargaining unit volunteers. The petitioner commenced this proceeding to

permanently stay arbitration on the ground that it retained absolute management rights to lay off employees and assign work under the parties' collective bargaining agreement (hereinafter CBA). The respondents moved to compel arbitration, arguing that the CBA permitted arbitration of this dispute.

The Supreme Court determined that the parties had agreed in the CBA to arbitrate these issues, and that it was not against public policy to do so. Accordingly, the court denied the petition and granted the motion to compel arbitration.

" 'The determination of whether a dispute between a public sector employer and employee is arbitrable is subject to [a] two-prong test' " (*Matter of County of Rockland v Correction Officers Benevolent Assn. of Rockland County, Inc.*, 126 AD3d 694, 695 [2015], quoting *Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn.*, 77 AD3d 747, 747-748 [2010]; *see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 137-138 [1999]; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509, 512 [1977]). " 'Initially, the court must determine whether there is any statutory, constitutional, or public policy prohibition against arbitrating the grievance' " (*Matter of County of Rockland v Correction Officers Benevolent Assn. of Rockland County, Inc.*, 126 AD3d at 695, quoting *Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn.*, 77 AD3d at 748; *see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 519 [2007]; *Matter of County of Rockland v Civil Serv. Empl. Assn., Inc.*, 93 AD3d 721, 721-722 [2012]). "If there is no prohibition against arbitrating, the court must examine the parties' collective bargaining agreement and determine if they in fact agreed to arbitrate the particular dispute" (*Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn.*, 77 AD3d at 748; *see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d at 519; *Matter of County of Rockland v Civil Serv. Empl. Assn., Inc.*, 93 AD3d at 722).

Here, the petitioner argued that arbitration of layoffs of union-member firefighters is prohibited by public policy. Regarding a violation of public policy, "a dispute is not arbitrable 'if a court can conclude " 'without engaging in any extended factfinding or legal analysis' " that a law " 'prohibit[s],

in an absolute sense, [the] particular matters [to be] decided' " by arbitration' " (*Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100*, 88 AD3d 887, 888 [2011], quoting *Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d at 519, quoting *Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d 1, 8-9 [2002]). The petitioner failed to point to any law or public policy that would prohibit arbitration of the grievance. Furthermore, because the respondent's grievance is not predicated on a "job security" clause, the petitioner's reliance on *Matter of Johnson City Professional Firefighters Local 921 (Village of Johnson City)* (18 NY3d 32, 32-37 [2011]) is misplaced.

As to the respondent's claims that the petitioner improperly assigned bargaining unit work to nonunion volunteers, the very issue as to arbitrability has already been decided by this Court (*Matter of Professional Firefighters Assn. of Nassau County, Local 1588, Intl. Assn. of Firefighters, AFL-CIO v Village of Garden City*, 119 AD3d 803 [2014]). By confirming an arbitration award which directed the petitioner to cease and desist from assigning bargaining unit work to volunteers, this Court has implicitly acknowledged the arbitrability of that specific issue (*see id.*)

The grievances were reasonably related to the general subject matter of the CBA and, therefore, the petitioner's management rights granted under article XVII, and "the question of the scope of the substantive provisions of the CBA [are] a matter of contract interpretation and application reserved for the arbitrator" (*Matter of Hartsdale Fire Dist. v Greenburgh Uniform Firefighters Assn., Inc., Local 1586, IAFF, AFL-CIO*, 55 AD3d 731, 731 [2008]; *see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d at 143; *Board of Educ. of Lakeland Cent. School Dist. of Shrub Oak v Barni*, 49 NY2d 311, 314 [1980]; *Matter of New York City Tr. Auth. v Amalgamated Tr. Union of Am., AFL-CIO, Local 1056*, 284 AD2d 466 [2001]; *Matter of Greenburgh Eleven Union Free School Dist. v Greenburgh No. 11 Fedn. of Teachers, Local 1532 AFT, AFL-CIO*, 266 AD2d 213 [1999]).

Accordingly, the Supreme Court properly denied the petition to permanently stay arbitration and granted the respondent's motion to compel arbitration. Dillon, J.P., Miller, Maltese and LaSalle, JJ., concur.