■ Locust Valley Central School District, Plaintiff, v John Benstock, Defendant. (Matter No. 1.) In the Matter of Locust Valley Central School District, Appellant, v Locust Valley Teachers' Association, Respondent. (Matter No. 2.) [41 NYS3d 241]—

In an action (matter No. 1) and a related proceeding pursuant to CPLR article 75 to permanently stay arbitration of a grievance (matter No. 2), the petitioner in matter No. 2 appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered July 8, 2014, which denied the petition and granted the motion of Locust Valley Teachers' Association to compel arbitration of the grievance.

Ordered that the order is affirmed, with costs.

" 'The determination of whether a dispute between a public sector employer and employee is arbitrable is subject to [a] two-prong test' " (*Matter of County of Rockland v Correction Officers Benevolent Assn. of Rockland County, Inc.*, 126 AD3d 694, 695 [2015], quoting *Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn.*, 77 AD3d 747, 747-748 [2010]; *see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 137-138 [1999]). " 'Initially, the court must determine whether there is any statutory, constitutional, or public policy prohibition against arbitrating the grievance' " (*Matter of County of Rockland v Correction Officers Benevolent Assn. of Rockland County, Inc.*, 126 AD3d at 695, quoting *Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn.*, 77 AD3d at 748; *see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 519 [2007]).

"If there is no prohibition against arbitrating, the court must examine the parties' collective bargaining agreement and determine if they in fact agreed to arbitrate the particular dispute" (*Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn.*, 77 AD3d at 748; *see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d at 519). In examining the collective bargaining agreement, the court must "merely determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the [agreement]" (*Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d at 143). If there is, "the court should rule the matter arbitrable, and the arbitrator will then make a more exacting interpretation of the precise scope of the . . . provisions of the [collective bargaining agreement], and whether the subject

matter of the dispute fits within them" (*id.*). In determining whether a matter is arbitrable, a court may not "consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute" (CPLR 7501).

Here, the respondent, Locust Valley Teachers' Association (hereinafter the LVTA), filed a grievance against the petitioner, Locust Valley Central School District (hereinafter the School District), regarding the commencement by the School District of a plenary action against a teacher formerly employed by the School District. The former teacher was a member of the LVTA. The applicable collective bargaining agreement (hereinafter CBA) between the parties provided that either party had the right to submit a grievance to arbitration, where that grievance was not resolved by the School District. The CBA defined a "grievance" as "a claimed violation, misinterpretation or inequitable application [of a] provision of th[e] Agreement." In the plenary action, the School District sought, under a "faithless servant" theory, the forfeiture of all compensation earned by the subject teacher pursuant to the CBA during a period of time in which the teacher allegedly engaged in certain criminal conduct. That conduct ultimately resulted in the teacher's plea of guilty to several criminal charges.

The School District has not identified any statutory, constitutional, or public policy prohibition against arbitrating the grievance. Further, in light of the fact that the grievance concerns the right of the School District to bring a plenary action seeking the equitable forfeiture of compensation paid to the teacher under the CBA, there exists a reasonable relationship between the grievance and the CBA. Therefore, the Supreme Court did not err in finding the grievance to be arbitrable pursuant to the CBA (*see Matter of Union-Endicott Cent. School Dist. [Union-Endicott Maintenance Workers' Assn.]*, 85 AD3d 1432, 1435-1436 [2011]; *Matter of Peters v Union-Endicott Cent. School Dist.*, 77 AD3d 1236, 1238 [2010]). Dillon, J.P., Roman, Hinds-Radix and Connolly, JJ., concur.

Motion by the respondent, Locust Valley Teachers' Association, on an appeal from an order of the Supreme Court, Nassau County, entered July 8, 2014, inter alia, to amend the caption. By decision and order on motion of this Court dated March 30, 2015, that branch of the motion which is to amend the caption was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers

filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to amend the caption is denied. Dillon, J.P., Roman, Hinds-Radix and Connolly, JJ., concur.