■ In the Matter of VILLAGE OF GARDEN CITY, Appellant, v PROFESSIONAL FIREFIGHTERS ASSOCIATION OF NASSAU COUNTY, LOCAL 1588, Respondent. [57 NYS3d 198]—

Appeals from two orders of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered May 1, 2015, and July 16, 2015, respectively. The order entered May 1, 2015, denied the petition to permanently stay arbitration of a grievance and granted the respondent's motion to compel arbitration of the grievance. The order entered July 16, 2015, insofar as appealed from, upon granting the petitioner's motion for leave to reargue the petition and the prior motion, adhered to the original determination.

Ordered that the appeal from the order entered May 1, 2015, is dismissed, as that order was superseded by the order entered July 16, 2015, made upon reargument; and it is further,

Ordered that the order entered July 16, 2015, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

This proceeding concerns a dispute between the petitioner, the Village of Garden City, and the respondent, Professional Firefighters Association of Nassau County, Local 1588 (hereinafter the Association), about staffing at multiple-alarm fires in the Village. The Garden City Fire Department is composed of both paid firefighters and volunteer firefighters, and the recall

procedures at issue relate to the order in which volunteers, surrounding departments, and off-duty paid firefighters are to be called in to fight multiple-alarm fires. The procedures are contained in a series of agreements between the Association and the Village. Those agreements, commencing in 1989, are described as addenda to the parties' collective bargaining agreement (hereinafter the CBA).

After the Village failed to adhere to the recall procedures, the Association filed a grievance and requested arbitration. The Village commenced this proceeding to permanently stay arbitration, contending that the recall procedures agreements were not subject to arbitration because they were not a part of the parties' CBA, that they did not contain their own arbitration clause, that they were not binding due to improper execution or expiration, and that public policy barred arbitration of the dispute. The Association moved to compel arbitration, arguing that the agreements were an addendum to the CBA and, thus, were subject to arbitration. The Supreme Court determined that arbitration of the dispute was not against public policy, and also that the dispute was subject to the arbitration provisions in the parties' CBA. Accordingly, the court denied the Village's petition and granted the Association's motion to compel arbitration. Thereafter, upon granting the Village's motion for leave to reargue, the court adhered to its original determination. The Village appeals.

"The determination of whether a dispute between a public sector employer and employee is arbitrable is subject to [a] two-prong test" (*Locust Val. Cent. Sch. Dist. v Benstock*, 144 AD3d 758, 759 [2016] [internal quotation marks omitted]; *see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 137-138 [1999]; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509, 512 [1977]). "Initially, the court must determine whether there is any statutory, constitutional, or public policy prohibition against arbitrat[ion] [of] the grievance" (*Locust Val. Cent. Sch. Dist. v Benstock*, 144 AD3d at 759 [internal quotation marks omitted]; *see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 519 [2007]; *Matter of County of Rockland v Correction Officers Benevolent Assn. of Rockland County, Inc.*, 126 AD3d 694, 695 [2015]). "If there is no prohibition against arbitrating, the court must examine the parties' collective bargaining agreement and determine if they in fact agreed to arbitrate the particular dispute" (*Locust Val.*

*Cent. Sch. Dist. v Benstock*, 144 AD3d at 759 [internal quotation marks omitted]; *see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d at 519; *Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn.*, 77 AD3d 747, 748 [2010]). "In examining the collective bargaining agreement, the court must 'merely determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the [agreement]' " (*Locust Val. Cent. Sch. Dist. v Benstock*, 144 AD3d at 759, quoting *Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d at 143; *see Matter of Board of Educ. of Yorktown Cent. Sch. Dist. v Yorktown Congress of Teachers*, 98 AD3d 665, 667 [2012]). "If there is, the court should rule the matter arbitrable, and the arbitrator will then make a more exacting interpretation of the precise scope of the substantive provisions of the CBA and whether the subject matter of the dispute fits within them" (*Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d at 143; *see Board of Educ. of Lakeland Cent. School Dist. of Shrub Oak v Barni*, 49 NY2d 311, 314 [1980]). A court may not "consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute" (CPLR 7501; *see Locust Val. Cent. Sch. Dist. v Benstock*, 144 AD3d at 760).

Here, the Supreme Court correctly held that public policy does not prohibit arbitration of the Association's grievance alleging that the Village violated the recall procedures (*see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d 1, 6-7 [2002]; *cf. Matter of County of Erie v Civil Serv. Empls. Assn., Local 815*, 19 NY3d 1070, 1071-1072 [2012]; *Matter of Roberts v New York City Off. of Collective Bargaining*, 113 AD3d 97, 104 [2013]; *see generally Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d at 519). The court also correctly held that the Association's grievance was reasonably related to the general subject matter of the CBA and that, therefore, the question of the scope of the substantive provisions of the CBA is a matter of contract interpretation and application reserved for the arbitrator (*see Matter of Village of Garden City v Local 1588, Professional Firefighters Assn.*, 132 AD3d 887, 889 [2015]; *Matter of Professional Firefighters Assn. of Nassau County, Local 1588, Intl. Assn. of Firefighters, AFL-CIO v Village of Garden City*, 119 AD3d 803, 803 [2014]; *Mat-*

*ter of Hartsdale Fire Dist. v Greenburgh Uniform Firefighters Assn., Inc., Local 1586, IAFF, AFL-CIO*, 55 AD3d 731, 731 [2008]; *see also Prudenti v County of Suffolk*, 142 AD3d 1150, 1152-1153 [2016]).

Accordingly, upon reargument, the Supreme Court properly adhered to its original determination denying the Village's petition to permanently stay arbitration and granting the Association's motion to compel arbitration. Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.