Matter of Village of Garden City v Professional Firefighters Assn. of Nassau County, Local 1588 (2018 NY Slip Op 03688)





Matter of Village of Garden City v Professional Firefighters Assn. of Nassau County, Local 1588


2018 NY Slip Op 03688


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2015-12266
 (Index No. 474/15)

[*1]In the Matter of Village of Garden City, appellant,
v
Professional Firefighters Association of Nassau County, Local 1588, respondent.


Bond, Schoeneck & King, PLLC, Garden City, NY (Terry O'Neil of counsel), for appellant.
Meyer, Suozzi, English & Klein, P.C., New York, NY (Richard S. Corenthal of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a grievance, the petitioner appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), dated November 18, 2015. The order denied the petition to permanently stay arbitration of the grievance and granted the respondent's motion to compel arbitration of the grievance.
ORDERED that the order is affirmed, with costs.
This proceeding involves a dispute between the petitioner, Village of Garden City, and the respondent, Professional Firefighters Association of Nassau County, Local 1588 (hereinafter PFFA), regarding the Village's implementation of a staffing protocol that was formulated to ensure compliance with a prior arbitration award that was confirmed by this Court (see Matter of Professional Firefighters Assn. of Nassau County, Local 1588, Intl. Assn. of Firefighters, AFL-CIO v Village of Garden City, 119 AD3d 803). The arbitrator in the prior matter found that the Village violated the parties' collective bargaining agreement (hereinafter CBA) and prior agreements by assigning the operation of first-line equipment to volunteer firefighters rather than to paid firefighters represented by PFFA (see id.).
PFFA filed a grievance asserting that the new protocol continued to improperly assign the operation of first-line equipment to volunteer firefighters, and it requested arbitration. The Village commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration of the grievance, contending that the delegation of duties in the protocol was not subject to arbitration because, inter alia, it was not a part of the parties' CBA and public policy barred arbitration of the dispute. PFFA moved to compel arbitration.
The Supreme Court initially ordered a framed-issue hearing, but the day before the hearing was set to commence, this Court issued a decision and order in a separate action between the parties holding that a grievance regarding the assignment of bargaining unit work to nonunion volunteers was arbitrable (see Matter of Village of Garden City v Local 1588, Professional [*2]Firefighters Assn., 132 AD3d 887). In light of that decision, the Supreme Court issued the order appealed from denying the petition and granting PFFA's motion to compel arbitration of the grievance. The petitioner appeals.
"The determination of whether a dispute between a public sector employer and employee is arbitrable is subject to [a] two-prong test" (Locust Val. Cent. Sch. Dist. v Benstock, 144 AD3d 758, 759 [internal quotation marks omitted]; see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d 132, 137-138; Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d 509, 512). "Initially, the court must determine whether there is any statutory, constitutional, or public policy prohibition against arbitrating the grievance" (Locust Val. Cent. Sch. Dist. v Benstock, 144 AD3d at 759 [internal quotation marks omitted]; see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d 513, 519; Matter of County of Rockland v Correction Officers Benevolent Assn. of Rockland County, Inc., 126 AD3d 694, 695). "If there is no prohibition against arbitrating, the court must examine the parties' collective bargaining agreement and determine if they in fact agreed to arbitrate the particular dispute" (Locust Val. Cent. Sch. Dist. v Benstock, 144 AD3d at 759 [internal quotation marks omitted]; see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d at 519; Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn., 77 AD3d 747, 748).
"In examining the collective bargaining agreement, the court must merely determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the [agreement]'" (Locust Val. Cent. Sch. Dist. v Benstock, 144 AD3d at 759, quoting Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 143; see Matter of Board of Educ. of Yorktown Cent. Sch. Dist. v Yorktown Congress of Teachers, 98 AD3d 665, 667). "If there is, the court should rule the matter arbitrable, and the arbitrator will then make a more exacting interpretation of the precise scope of the substantive provisions of the CBA, and whether the subject matter of the dispute fits within them" (Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 143; see Board of Educ. of Lakeland Cent. School Dist. of Shrub Oak v Barni, 49 NY2d 311, 314). A court may not "consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute" (CPLR 7501; see Locust Val. Cent. Sch. Dist. v Benstock, 144 AD3d at 760).
Here, the Supreme Court properly denied the petition to permanently stay arbitration of the grievance and granted PFFA's motion to compel arbitration of the grievance. As we determined in Matter of Village of Garden City v Local 1588, Professional Firefighters Assn. (132 AD3d 887), grievances regarding the operation of first-line equipment by volunteers are arbitrable. The Village failed to demonstrate that arbitration of the grievance is prohibited by statutory or public policy (see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO, 99 NY2d 1, 6-7; cf. Matter of County of Erie v Civil Serv. Empls. Assn., Local 815, 19 NY3d 1070, 1071-1072), and PFFA's grievance was reasonably related to the general subject matter of the CBA. Therefore, the question of the scope of the substantive provisions of the CBA is a matter of contract interpretation and application reserved for the arbitrator (see Matter of Hartsdale Fire Dist. v Greenburgh Uniform Firefighters Assn., Inc., Local 1586, IAFF, AFL-CIO, 55 AD3d 731).
The parties' remaining contentions are without merit.
RIVERA, J.P., MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court