Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO (2018 NY Slip Op 08294)





Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO


2018 NY Slip Op 08294


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-11722
 (Index No. 58257/16)

[*1]In the Matter of City of Yonkers, respondent,
v
Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, appellant.


Meyer, Suozzi, English & Klein, P.C., New York, NY (Richard S. Corenthal of counsel), for appellant.
Coughlin & Gerhart, LLP, Binghamton, NY (Paul J. Sweeney of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO appeals from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated October 27, 2016. The order, in effect, granted the petition to permanently stay arbitration.
ORDERED that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
The petitioner, City of Yonkers, and the respondent, Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO (hereinafter Local 628), are parties to a collective bargaining agreement (hereinafter the CBA). The CBA allows the City to control the management of the fire department with certain limitations, allows the City to alter fire department EMS services after negotiation with Local 628, requires that the EMS program be kept at the highest level of professional standards based on the level of services provided as of the date of the agreement, and provides a broad three-step grievance procedure of a dispute involving the interpretation or application of any provision of the CBA which ultimately entitles Local 628 to submit the dispute to arbitration. On December 31, 2015, the City issued General Order No. 4-15, which changed the dispatch response protocols for EMS personnel to include new incidents, such as active shooters, animal bites, suspicious packages, and medical emergencies with possible criminal activity. Local 628 filed a grievance asserting that the new protocols were not negotiated with the union, put firefighters at an increased risk of harm, and required firefighters to respond to calls for which they were not adequately trained or equipped, in violation of several provisions contained in the CBA. Upon exhausting its internal grievance remedies, Local 628 timely demanded arbitration of the dispute. The City commenced this proceeding to permanently stay arbitration, contending that the dispute was not arbitrable. The Supreme Court, in effect, granted the petition, determining that, although the CBA contains a provision regarding EMS personnel, it does not indicate the types of calls to which personnel should respond. Local 628 appeals.
"Public policy in New York favors arbitral resolution of public sector labor disputes" (Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 153 AD3d 617; see Matter of City of Long Beach v Civil Serv. Empls. Assn., Inc.-Long Beach Unit, 8 NY3d 465, 470; Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.], 90 NY2d 364, 372). "However, a dispute between a public sector employer and an employee is only arbitrable if it satisfies a two-prong test" (Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 153 AD3d at 617-618; see Matter of County of Rockland v Correction Officers Benevolent Assn. of Rockland County, Inc., 126 AD3d 694, 695; Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn., 77 AD3d 747, 747-748). " Initially, the court must determine whether there is any statutory, constitutional, or public policy prohibition against arbitrating the grievance'" (County of Rockland v Correction Officers Benevolent Assn. of Rockland County, Inc., 126 AD3d at 695, quoting Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn., 77 AD3d at 748; see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d 513, 519). " If there is no prohibition against arbitrating, the court must examine the parties' collective bargaining agreement and determine if they in fact agreed to arbitrate the particular dispute'" (Matter of County of Rockland v Correction Officers Benevolent Assn. of Rockland County, Inc., 126 AD3d at 695, quoting Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn., 77 AD3d at 748; see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d at 519).
When deciding whether a dispute is arbitrable, "the court shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute" (CPLR 7501). "Even an apparent weakness of the claimed grievance is not a factor in the court's threshold determination. It is the arbitrator who weighs the merits of the claim" (Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d 132, 142; see Locust Val. Cent. Sch. Dist. v Benstock, 144 AD3d 758; Matter of Incorporated Vil. of Floral Park v Floral Park Police Benevolent Assn., 131 AD3d 1240).
Here, it is undisputed that there is no statutory, constitutional, or public policy prohibition to arbitration of the grievance. Therefore, the only issue is whether the parties in fact agreed to arbitrate the dispute. Where, as here, the relevant arbitration provision of the CBA is broad, if the matter in dispute bears a reasonable relationship to some general subject matter of the CBA, it will be for the arbitrator and not the courts to decide whether the disputed matter falls within the CBA (see Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes, 94 NY2d 686, 694; Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 143).
In this case, Local 628's grievance alleged that the City violated Article 33.1 of the CBA, which mandates that the EMS program be kept at the highest level of professional standards based upon the standards in place at the time of the agreement, by issuing General Order 4-15, which increased the call protocols and subjected its members to calls for which they are not trained and lack necessary equipment. Therefore, the grievance is reasonably related to at least one provision in the CBA, and the Supreme Court should have denied the petition to permanently stay arbitration.
MASTRO, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court