Matter of Rockland v Superior Officers Council of the Sheriff's Corr. Officers Assn. of Rockland County (2019 NY Slip Op 08845)





Matter of Rockland v Superior Officers Council of the Sheriff's Corr. Officers Assn. of Rockland County


2019 NY Slip Op 08845


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-00424
 (Index No. 33278/18)

[*1]In the Matter of County of Rockland, appellant,
v
Superior Officers Council of the Sheriff's Correction Officers Association of Rockland County, respondent.


Thomas E. Humbach, County Attorney, New City, NY (Jeanne Gilberg of counsel), for appellant.
Bunyan & Baumgartner, LLP, Nyack, NY (Joseph P. Baumgartner of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated December 13, 2018. The order denied the petition and granted the respondent's cross motion to compel arbitration.
ORDERED that the order is affirmed, with costs.
The County of Rockland and the Superior Officers Council of the Sheriff's Correction Officers Association of Rockland County (hereinafter SOC) are parties to a collective bargaining agreement (hereinafter the CBA). Pursuant to the CBA, the members of the SOC are required to be paid a certain percentage more than the rate of pay of the correction officers they supervise. On December 17, 2017, the correction officers' union reached an agreement with the County to increase their members' salaries, including salary increases for the years 2016 and 2017. However, the correction officers also agreed to waive the receipt of retroactive pay for those years. The SOC filed a grievance on behalf of its members seeking payment for retroactive salary increases for the years 2016 and 2017. The County denied the grievance, finding that the CBA did not contain a provision requiring it to pay SOC members a retroactive salary based on the retroactive pay increases it negotiated with the correction officers' union. The SOC demanded arbitration. The County then commenced this proceeding pursuant to CPLR article 75 to stay arbitration, and the SOC cross-moved to compel arbitration. In the order appealed from, the Supreme Court denied the petition, and granted the cross motion.
"The determination of whether a dispute between a public sector employer and employee is arbitrable is subject to [a] two-prong test" (Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn., 77 AD3d 747, 747-748; see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d 132, 137-138; Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d 509, 512). "Initially, the court must determine whether there is any statutory, constitutional, [*2]or public policy prohibition against arbitrating the grievance" (Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn., 77 AD3d at 748; see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d 513, 519). "If there is no prohibition against arbitrating, the court must examine the parties' collective bargaining agreement and determine if they in fact agreed to arbitrate the particular dispute" (Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn., 77 AD3d at 748; see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d at 519). "In examining the collective bargaining agreement, the court must merely determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the [agreement]'" (Locust Val. Cent. Sch. Dist. v Benstock, 144 AD3d 758, 759, quoting Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 143; see Matter of Board of Educ. of Yorktown Cent. Sch. Dist. v Yorktown Congress of Teachers, 98 AD3d 665, 667). "If there is, the court should rule the matter arbitrable, and the arbitrator will then make a more exacting interpretation of the precise scope of the substantive provisions of the CBA and whether the subject matter of the dispute fits within them" (Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 143; see Board of Educ. of Lakeland Cent. School Dist. of Shrub Oak v Barni, 49 NY2d 311, 314). A court may not "consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute" (CPLR 7501; see Locust Val. Cent. Sch. Dist. v Benstock, 144 AD3d at 760).
Here, the County did not contend that arbitration of the grievance was prohibited by law or public policy. Thus, the only issue is whether the parties agreed to arbitrate this particular grievance (see Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn., 77 AD3d at 748).
The arbitration provision of the CBA at issue is broad, and there is a reasonable relationship between the subject matter of the dispute, which involves the SOC's claim that its members are entitled to certain payments for retroactive salary increases, and the general subject matter of the CBA (see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 143; Matter of Hartsdale Fire Dist. v Greenburgh Uniform Firefighters Assn., Inc., Local 1586, IAFF, AFL-CIO, 55 AD3d 731, 731). Although some uncertainty exists as to whether the subject matter of the dispute is encompassed within the salary provisions of the CBA or whether the parties contemplated that a separate agreement would be required for wage increases to be paid retroactively, any alleged ambiguity in the CBA "regarding the coverage of any applicable provision is . . . a matter of contract interpretation for the arbitrator to resolve" (Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn., 77 AD3d at 749; see Matter of Board of Educ. of Watertown City School Dist. v Watertown Educ. Assn., 74 NY2d 912, 913).
Accordingly, we agree with the Supreme Court's determination to deny the County's petition to stay arbitration and grant the SOC's cross motion to compel arbitration.
DILLON, J.P., COHEN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court