■ In the Matter of the INCORPORATED VILLAGE OF LAKE GROVE, Appellant, v CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LONG ISLAND REGION No. 1, et al., Respondents.—In a proceeding to stay arbitration, the petitioner appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated April 12, 1984, which denied its application.

Order affirmed, with costs.

Special Term correctly determined that the issue of the propriety of an employee's termination was arbitrable. The arbitration clause of the collective bargaining agreement between the parties is broad enough to encompass the subject matter of the instant dispute and evidences a clear and unequivocal agreement to submit the dispute to arbitration. Hence, a stay of arbitration was properly denied *(see, Matter*

*of Board of Educ. v Deer Park Teachers Assn.,* 50 NY2d 1011; *Board of Educ. v Barni,* 49 NY2d 311; *Matter of Wyandanch Union Free School Dist. v Wyandanch Teachers Assn.,* 48 NY2d 669).

We further find no merit to the petitioner's contention that to allow arbitration of this matter would violate public policy. The respondents do not dispute that the employee whose dismissal is the subject of the proposed arbitration was in a noncompetitive class and was not entitled to the tenure protections afforded by Civil Service Law § 75 *(see, e.g., Matter of Tyson v Hess,* 109 AD2d 1068, *affd* 66 NY2d 943; *Matter of Voorhis v Warwick Val. Cent. School Dist.,* 92 AD2d 571; *Matter of Carter v Murphy,* 80 AD2d 960). Nevertheless, collective bargaining agreements may modify or even supplant the statutory provisions of Civil Service Law § 75 *(see, Matter of Sinicropi v Bennett,* 60 NY2d 918; *Matter of Apuzzo v County of Ulster,* 98 AD2d 869, *affd* 62 NY2d 960; *Carroll v Gunn,* 116 AD2d 686). Moreover, as the Court of Appeals has determined, "the policy of allowing parties to choose a nonjudicial forum, embedded in freedom to contract principles, must not be disturbed by courts, acting under the guise of public policy" *(Matter of Sprinzen [Nomberg],* 46 NY2d 623, 630; *see also, Matter of Board of Educ. [Connetquot Teachers Assn.],* 60 NY2d 840; *Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.,* 45 NY2d 411, 417-418). Accordingly, we affirm. Lazer, J. P., Thompson, Bracken and Rubin, JJ., concur.