◼ In the Matter of CARLOS RUIZ et al., Respondents, v COUNTY OF ROCKLAND, Appellant. [31 NYS3d 95]—

In a proceeding pursuant to CPLR article 75 to compel arbitration, the County of Rockland appeals from a judgment of the Supreme Court, Rockland County (Berliner, J.), dated April 21, 2014, which, upon an order of the same court dated March 28, 2014, granted the petition and directed the parties to proceed to arbitration. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the judgment is affirmed, with costs to the respondent Carlos Ruiz.

The petitioner Carlos Ruiz was terminated from his position as an Undercover Investigator with the appellant, the County of Rockland, on February 11, 2013. Pursuant to the terms of a collective bargaining agreement (hereinafter the CBA) entered into between the County and the petitioner United Federation of Police Officers, Inc., Local 613 (hereinafter the Union), of which Ruiz is a member, Ruiz filed a demand for arbitration to grieve his termination. The County did not apply to stay the arbitration, but instead informed Ruiz and the Union (hereinafter together the petitioners), as well as the assigned arbitrator, by letter, that it refused to participate in an arbitration proceeding. Following the County's refusal, the petitioners commenced this proceeding to compel the County to arbitrate Ruiz's termination in accordance with the terms of the CBA. The Supreme Court granted the petition. The County appeals.

The County's failure to apply to stay arbitration precludes it from now contending that the CBA does not constitute a valid agreement to arbitrate (*see* CPLR 7503 [c]; *Matter of Aaacon Auto Transp. [State Farm Mut. Auto. Ins. Co.]*, 41 NY2d 951, 952 [1977]; *Matter of State Farm Mut. Auto. Ins. Co. v Urban*, 78 AD3d 1064, 1066 [2010]; *cf. Matter of Fiduciary Ins. Co. v American Bankers Ins. Co. of Florida*, 132 AD3d 40, 45 [2015]). Moreover, contrary to the County's contentions, the disciplin-

ary procedure outlined in the CBA entitles Ruiz to grieve his termination through arbitration irrespective of his class designation under the Civil Service Law (*see Matter of Village of Chester v Local 445, Intl. Bhd. of Teamsters*, 118 AD3d 1012, 1013 [2014]; *Matter of Incorporated Vil. of Lake Grove v Civil Serv. Empls. Assn.*, 118 AD2d 781, 782 [1986]; *see also Matter of State of N.Y. Unified Ct. Sys. v Association of Surrogate's & Supreme Ct. Reporters Within the City of N.Y.*, 104 AD3d 621 [2013]). The issue of whether Ruiz's termination is a type of disciplinary action subject to arbitration under the CBA is a matter of contract interpretation and application to be resolved by the arbitrator (*see Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn.*, 77 AD3d 747, 748 [2010]). Accordingly, the Supreme Court properly granted the petition and directed the parties to proceed to arbitration.

In light of our determination, we do not reach the County's remaining contentions. Dillon, J.P., Austin, Maltese and Barros, JJ., concur.