Matter of Board of Educ. of the Yonkers City Sch. Dist. v Yonkers Fedn. of Teachers (2020 NY Slip Op 01343)





Matter of Board of Educ. of the Yonkers City Sch. Dist. v Yonkers Fedn. of Teachers


2020 NY Slip Op 01343


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-05550
 (Index No. 70022/17)

[*1]In the Matter of Board of Education of the Yonkers City School District, appellant, 
v
Yonkers Federation of Teachers, respondent.


Spolzino Smith Buss & Jacobs, LLP, White Plains, NY (Robert A. Spolzino, Joanna M. Topping, Jacob E. Amir, and Nancy Durand of counsel), for appellant.
Robert T. Reilly, Latham, NY (Christopher R. Scoville and Michael J. Del Piano of counsel), for respondent.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 75 to permanently stay arbitration and action for declaratory relief, the petitioner appeals from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated April 24, 2018. The order denied the petition and granted the motion of the Yonkers Federation of Teachers to compel arbitration.
ORDERED that the order is affirmed, with costs.
The petitioner, the Board of Education of the Yonkers City School District (hereinafter the Board), and the respondent, Yonkers Federation of Teachers (hereinafter the YFT), are parties to a collective bargaining agreement (hereinafter the CBA). In 2017, the YFT filed a grievance alleging, inter alia, that the Board was in violation of the CBA by failing to enforce a parking space assignment agreement between the YFT and the Civil Service Employees Association.
After the grievance was denied, and after a failed attempt at mediation between the parties, the YFT demanded arbitration. The Board thereafter commenced this hybrid proceeding pursuant to CPLR article 75 to permanently stay arbitration and action for declaratory relief, and the YFT moved to compel arbitration. The Supreme Court denied the petition and granted the motion. We affirm.
"Public policy in New York favors arbitral resolution of public sector labor disputes" (Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 153 AD3d 617, 617; see Matter of City of Long Beach v Civil Serv. Empls. Assn., Inc.-Long Beach Unit, 8 NY3d 465, 470; Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.], 90 NY2d 364, 372). "However, a dispute between a public sector employer and an employee is only arbitrable if it satisfies a two-prong test" (Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 153 AD3d at 617-618; see Matter of County of Rockland v Correction Officers Benevolent Assn. of Rockland County, Inc., 126 AD3d 694, 695; Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn., 77 AD3d 747, 747-748).
First, the court must determine whether there is any statutory, constitutional, or public policy prohibition against arbitrating the grievance (see Locust Val. Cent. Sch. Dist. v Benstock, 144 AD3d 758, citing Matter of County of Rockland v Correction Officers Benevolent Assn. of Rockland County, Inc., 126 AD3d at 695; Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn., 77 AD3d at 748). "If there is no prohibition against the arbitration, the court must determine whether the parties agreed to arbitrate the particular dispute by examining their collective bargaining agreement" (Matter of Incorporated Vil. of Floral Park v Floral Park Police Benevolent Assn., 131 AD3d 1240, 1241; see Matter of County of Rockland v Correction Officers Benevolent Assn. of Rockland County, Inc., 126 AD3d at 695, citing Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn., 77 AD3d at 748). Here, the Board does not assert that arbitration of the YFT's grievance is prohibited by law or public policy.
"In analyzing whether the parties in fact agreed to arbitrate the particular dispute, a court is merely to determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA'" (Matter of Board of Educ. of Yorktown Cent. Sch. Dist. v Yorktown Congress of Teachers, 98 AD3d 665, 667, quoting Matter of City of Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d 273, 279 [internal quotation marks omitted]; see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d 132, 143).
In analogous cases, this Court has held that the arbitration provision of the CBA at issue here is broad (see e.g. Matter of Board of Educ., Yonkers City School Dist. v Yonkers Fedn. of Teachers, 110 AD2d 897, 898-899; Matter of Board of Educ. of Yonkers City School Dist. v Yonkers Fedn. of Teachers, 81 AD2d 585; Matter of Board of Education of Yonkers City School Dist. v Yonkers Fedn. of Teachers, 49 AD2d 753). Moreover, we find that there is a reasonable relationship between the subject matter of the dispute, staff parking, and the general subject matter of the CBA, including conditions of employment (see e.g. Matter of City of New York v New York State Pub. Empl. Relations Bd., 103 AD3d 145, 148).
Accordingly, we affirm the order appealed from.
BALKIN, J.P., DUFFY, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court