Matter of Teamsters Local 445 v Town of Monroe (2020 NY Slip Op 06535)





Matter of Teamsters Local 445 v Town of Monroe


2020 NY Slip Op 06535


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-11372
 (Index No. 52247/17)

[*1]In the Matter of Teamsters Local 445, respondent,
v
Town of Monroe, appellant.


Feerick Lynch MacCartney & Nugent, PLLC, South Nyack, NY (Brian D. Nugent of counsel), for appellant.
Lewis Clifton & Nikolaidis, P.C., New York, NY (Julian J. Gonzalez of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to compel arbitration, the Town of Monroe appeals from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated September 29, 2017. The order denied the motion of the Town of Monroe to dismiss the petition.
ORDERED that the order is affirmed, with costs.
The petitioner, Teamsters Local 445, commenced this proceeding pursuant to CPLR article 75 to compel arbitration of a dispute regarding the termination of Kathryn Troiano from her position as secretary to the Town of Monroe Planning Board. The Town of Monroe moved to dismiss the petition, asserting that the dispute was nonarbitrable and that the petitioner failed to make a timely demand for arbitration. In an order dated September 29, 2017, the Supreme Court denied the Town's motion. The Town appeals.
A dispute between a public sector employer and an employee is arbitrable if it satisfies a two-prong test: "First, the court must determine whether there is any statutory, constitutional, or public policy prohibition against arbitrating the grievance. If there is no prohibition against the arbitration, the court must determine whether the parties agreed to arbitrate the particular dispute by examining their collective bargaining agreement" (Matter of Board of Educ. of the Yonkers City Sch. Dist. v Yonkers Fedn. of Teachers, 180 AD3d 1041, 1042 [citations and internal quotation marks omitted]; see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d 513, 519; Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 153 AD3d 617, 617-618).
Contrary to the Town's contention, there is no statutory, constitutional, or public policy prohibition against arbitrating this dispute regarding the termination of an employee in an "exempt class" under the Civil Service Law (Civil Service Law § 41; see Matter of State of N.Y. Unified Ct. Sys. v Association of Surrogate's & Supreme Ct. Reporters Within the City of N.Y., 104 AD3d 621, 621; Matter of Incorporated Vil. of Lake Grove v Civil Serv. Empls. Assn., 118 AD2d [*2]781, 782; cf. Matter of City of Long Beach v Civil Serv. Empls. Assn., Inc.—Long Beach Unit, 8 NY3d 465).
We further agree with the Supreme Court's determination that the parties agreed, in their collective bargaining agreement (hereinafter CBA), to arbitrate the dispute. The CBA authorized the petitioner to file grievances, and ultimately demand arbitration, on behalf of bargaining unit employees, including the secretary to the Planning Board, irrespective of her class designation under the Civil Service Law (see Matter of Ruiz v County of Rockland, 138 AD3d 999, 1000). Where, as here, the relevant arbitration provision of the CBA is broad, providing for arbitration of any grievance involving "a claimed violation, misinterpretation or inequitable application" of the CBA, a court "should merely determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA" (Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d 132, 143; see Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 176 AD3d 1197, 1199). "If there is, the court should rule the matter arbitrable, and the arbitrator will then make a more exacting interpretation of the precise scope of the substantive provisions of the CBA, and whether the subject matter of the dispute fits within them" (Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 143; see Matter of Rockland v Superior Officers Council of the Sheriff's Corr. Officers Assn. of Rockland County, 178 AD3d 821, 823).
Here, a reasonable relationship exists between the subject matter of the dispute and the general subject matter of the CBA (see Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 176 AD3d at 1199). The issue of whether Troiano was afforded tenure protections within "the scope of the substantive provisions of the CBA is a matter of contract interpretation and application reserved for the arbitrator" (Matter of Village of Garden City v Professional Firefighters Assn. of Nassau County, Local 1588, 161 AD3d 1086, 1089; see Board of Educ. of Lakeland Cent. School Dist. of Shrub Oak v Barni, 49 NY2d 311, 314-315; Matter of Ruiz v County of Rockland, 138 AD3d at 1000).
The Town's contention that the petitioner did not properly file its demand for arbitration pursuant to the CBA is a matter of procedural arbitrability to be resolved by the arbitrator (see Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.], 69 NY2d 905, 907; Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 8-9; Matter of City of Watertown [Watertown Professional Firefighters' Assn. Local 191], 152 AD3d 1231, 1234; Matter of Incorporated Vil. of Floral Park v Floral Park Police Benevolent Assn., 131 AD3d 1240, 1242).
Accordingly, we agree with the Supreme Court's determination denying the Town's motion to dismiss the petition.
DILLON, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court