Matter of County of Nassau v Detectives Assn., Inc. of the Police Dept. of Nassau County (2020 NY Slip Op 06779)





Matter of County of Nassau v Detectives Assn., Inc. of the Police Dept. of Nassau County


2020 NY Slip Op 06779


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-05754
 (Index No. 604622/18)

[*1]In the Matter of County of Nassau, appellant,
v
Detectives Association, Inc. of the Police Department of Nassau County, respondent.


Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Peter A. Bee, William C. DeWitt, and Jason Greenfield of counsel), for appellant.
Steven E. Losquadro, P.C., Rocky Point, NY (John Ciampoli of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of the respondent's grievance arising from a memorandum of agreement dated September 15, 2017, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 12, 2019. The order and judgment denied the petition to permanently stay arbitration and granted the respondent's motion to compel arbitration.
ORDERED that the order and judgment is affirmed, with costs.
The County of Nassau and the Detectives Association, Inc., of the Police Department of Nassau County (hereinafter the DAI) are parties to a collective bargaining agreement (hereinafter the CBA). In 2018, pursuant to the procedures set forth in the CBA, the DAI submitted a grievance alleging that its members were not receiving longevity payments in accordance with a memorandum of agreement dated September 15, 2017 (hereinafter the MOA). By verified petition, the County commenced the instant proceeding pursuant to CPLR article 75 to permanently stay arbitration. The DAI moved to dismiss the petition and to compel the County to submit to arbitration. The Supreme Court denied the petition and granted the DAI's motion to compel arbitration. The County appeals. We affirm.
"[A] party who has not participated in the arbitration and who has not made or been served with an application to compel arbitration, may apply to stay arbitration on the ground that a valid agreement was not made or has not been complied with" (CPLR 7503[b]). "The 'valid agreement' referred to in CPLR 7503 concerns a valid agreement to arbitrate" (Matter of Prinze [Jonas], 38 NY2d 570, 577). "Thus even when it is alleged . . . that the contract itself is invalid in its entirety, the court's role is still confined to determining the validity of the arbitration clause alone" (id. at 577). "If the arbitration agreement is valid, any controversy as to the validity of the contract as a whole passes to the arbitrators" (id.).
"Public policy in New York favors arbitral resolution of public sector labor disputes" (Matter of Board of Educ. of the Yonkers City Sch. Dist. v Yonkers Fedn. of Teachers, 180 AD3d 1041, 1042 [internal quotation marks omitted]). "However, a dispute between a public sector employer and an employee is only arbitrable if it satisfies a two-prong test" (id. at 1042 [internal [*2]quotation marks omitted]). "First, the court must determine whether there is any statutory, constitutional, or public policy prohibition against arbitrating the grievance" (id.). "If there is no prohibition against the arbitration, the court must determine whether the parties agreed to arbitrate the particular dispute by examining their collective bargaining agreement" (id. [internal quotation marks omitted]). Where "the relevant arbitration provision of the CBA is broad, . . . a court should merely determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA" (Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 176 AD3d 1197, 1199 [internal quotation marks omitted]). "If there is none, the issue, as a matter of law, is not arbitrable" (id. at 1199 [internal quotation marks omitted]). "If there is, the court should rule the matter arbitrable, and the arbitrator will then make a more exacting interpretation of the precise scope of the substantive provisions of the CBA, and whether the subject matter of the dispute fits within them" (id. [internal quotation marks omitted]).
Here, we agree with the Supreme Court's determination denying the County's petition to permanently stay arbitration and granting the DAI's motion to compel the County to submit to arbitration. The County has not identified any constitutional, statutory, or public policy prohibition to arbitrating this grievance (see Matter of Board of Educ. of the Yonkers City Sch. Dist. v Yonkers Fedn. of Teachers, 180 AD3d at 1042). Thus, the issue is whether the County and the DAI agreed to arbitrate this dispute (see id.). The arbitration provision of the CBA is broad, and there is a reasonable relationship between the subject matter of the dispute, which involves longevity payments, and the general subject matter of the CBA (see Matter of City of Yonkers v Yonkers Fire Fighters, Local 628 IAFF, AFL-CIO, 176 AD3d at 1199). Accordingly, the grievance was arbitrable, and any issues regarding the validity and effect of the MOA were for the arbitrator to determine under the CBA's grievance procedures (see Matter of Prinze [Jonas], 38 NY2d at 577).
The County's remaining arguments are without merit.
ROMAN, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court