■ In the Matter of PORT WASHINGTON UNION FREE SCHOOL DISTRICT, Respondent, v PORT WASHINGTON TEACHERS ASSOCIATION et al., Appellants. [702 NYS2d 605] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the appeal is from an order of the Supreme Court, Nassau County (Burke, J.), dated September 22, 1998, which granted the petition.

Ordered that the order is affirmed, with costs.

The collective bargaining agreement between the Port Washington Union Free School District (hereinafter the District) and the Port Washington Teachers Association (hereinafter the Association) provided, *inter alia,* that, upon a proper written request, members of the Association could receive any of the religious holidays designated by the New York State Commissioner of Education as a paid day off which would not be charged to any other leave (hereinafter the Religious Holidays Provision). In September 1997, the District advised teachers who had requested paid days off for religious observance that the District would no longer abide by the Religious Holidays Provision because it was unconstitutional.

Six teachers and the Association filed a grievance and sought to invoke their contractual right to arbitration. The District commenced the instant proceeding seeking to stay the arbitration pursuant to CPLR 7503 on the ground that the Religious Holiday Provision was unconstitutional. The Supreme Court agreed and stayed the arbitration.

The first issue to be resolved in determining whether a dispute is subject to public sector arbitration is whether the issue to be arbitrated is of the type authorized by the Taylor Law (*see,* Civil Service Law § 200 *et seq.*; *Matter of Board of Educ. [Watertown Educ. Assn.],* 93 NY2d 132, 138-139; *Matter of Blackburne [Governor's Off. of Empl. Relations],* 87 NY2d 660, 665; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509, 513). "If a statute, decisional law or public policy precludes the governmental employer and employee from referring the dispute to arbitration, then the answer to this inquiry is no and the claim is not arbitrable" (*Matter of Blackburne [Governor's Off. of Empl. Relations], supra,* at 665).

"There is no firmer or more settled principle of Establishment Clause jurisprudence than that prohibiting the use of the State's power to force one to profess a religious belief" (*Matter of Griffin v Coughlin,* 88 NY2d 674, 686, *cert denied* 519 US 1054; *see, Torcaso v Watkins,* 367 US 488, 495; *Everson v Board of Educ.,* 330 US 1, 15-16). Here, the Religious Holidays Provision rewarded members of the Association who claimed to be religiously observant with more paid days off than those afforded to agnostics, atheists, and members who were less observant. As a result, the Religious Holidays Provision violated the Establishment Clause of the First Amendment of the Federal Constitution (*see, Agostini v Felton,* 521 US 203, 233; *Lemon v Kurtzman,* 403 US 602, 612-613; *Torcaso v Watkins, supra*; *Everson v Board of Educ., supra*; *Matter of Griffin v Coughlin, supra*; *see also, Hunterdon Cent. High School Bd. of Educ. v Hunterdon Cent. High School Teachers' Assn.,* 174 NJ Super 468, 416 A2d 980) and the court properly granted the District's petition for a stay of arbitration (*see, Matter of Blackburne [Governor's Off. of Empl. Relations], supra*; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], supra*; *Board of Educ. v Areman,* 41 NY2d 527, 534; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774, 775). Bracken, J. P., Thompson, Sullivan and Krausman, JJ., concur.