■ In the Matter of MINEOLA UNION FREE SCHOOL DISTRICT, Appellant, v MINEOLA TEACHERS' ASSOCIATION, Respondent. [830 NYS2d 289]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals from an order of the Supreme Court, Nassau County (Martin, J.), dated June 24, 2005, which, in effect, denied its motion for a preliminary injunction staying arbitration and dismissed the proceeding on the merits and granted the cross motion of the Mineola Teachers' Association to compel arbitration and directed the parties to proceed to arbitration.

Ordered that the order is affirmed, with costs.

The Supreme Court properly determined that the matter which was the subject of a demand for arbitration by the respondent Mineola Teachers' Association (hereinafter the Association), relating to article 24 of its collective bargaining agreement (hereinafter the CBA) with the petitioner Mineola Union Free School District (hereinafter the District), was subject to arbitration.

The first issue to be resolved when determining whether a dispute is subject to public sector employment arbitration is "whether the subject of the claim sought to be arbitrated is the type authorized by the Taylor Law (codified as Civil Service Law art 14)" (*Matter of Blackburne [Governor's Off. of Empl.*

*Relations]*, 87 NY2d 660, 665 [1996]; *see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 139 [1999]; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509, 513 [1977]; *Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.*, 268 AD2d 523, 524 [2000]). "If a statute, decisional law or public policy precludes the governmental employer and employee from refer- ring the dispute to arbitration, then the answer to this inquiry is no and the claim is not arbitrable" (*Matter of Blackburne,* supra at 665; *see Matter of Acting Supt. of Schools of Liverpool Cent. School Dist.*, supra at 513; *Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn., supra* at 524).

Contrary to the District's contention, an arbitrator's award in favor of the Association would not violate public policy. The public policy exception to parties' power to agree to arbitrate disputes, and an arbitrator's power to resolve disputes, is a nar- row one (*see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 80 [2003]; *Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d 1, 6-7 [2002]; *see also Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 630 [1979]). That is particularly true in the context of pub- lic employment collective bargaining agreements (*see Matter of United Fedn. of Teachers, supra* at 80).

Arbitration is precluded on public policy grounds where a court can conclude, without engaging in any extended fact- finding or legal analysis, that a law prohibits in an absolute sense the particular matters to be decided by arbitration or, where "the award itself [would] violate a well-defined constitu- tional, statutory or common law of this State" (*Matter of United Fedn. of Teachers, supra* at 80, quoting *Matter of New York City Tr. Auth., supra* at 11; *see also Matter of Sprinzen, supra* at 631).

Here, no law prohibits an award validating the procedures enumerated in article 24 of the CBA. Moreover, assuming that the statutes cited by the District, namely, Education Law §§ 3012 (1) (a) and 1709 (16), constitute "well-defined" statutes under *Matter of United Fedn. of Teachers* (*supra* at 80) and *Matter of New York City Tr. Auth.* (*supra* at 11), an award upholding article 24 of the CBA, as interpreted by the Associa- tion, would not violate those statutes since such an award would not force the District to hire or select a nonqualified candidate for a teaching position in violation of its statutory obligations

*(see Matter of United Fedn. of Teachers, supra* at 81). Rivera, J.P., Santucci, Skelos and McCarthy, JJ., concur.