In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the Mineóla Teachers Association appeals from an order of the Supreme Court, Nassau County (Woodard, J.), dated October 7, 2011, which granted the petition and denied its motion to compel arbitration.
Ordered that the order is affirmed, with costs.
The collective bargaining agreement between the Mineóla Union Free School District (hereinafter the School District) and the Mineóla Teachers Association (hereinafter the Association) provided, inter alia, that members of the Association could receive up to five of the religious holidays designated by the New York State Commissioner of Education as paid days off, two of which would not be charged to any other leave (hereinafter the religious holidays provision). Although the New York State Commissioner of Education no longer designates religious holidays, the language of the religious holidays provision was not amended, and the School District continued to permit Association members who requested time off for religious observance to use the contractually-provided five days of the religious holidays provision. In October 2010, the School District advised the Association that it would no longer abide by the religious holidays provision because it was unconstitutional. The Association filed a grievance, which was denied, and then sought to invoke its contractual right to arbitration. The School District then commenced the instant proceeding pursuant to CPLR article 75 to permanently stay the arbitration, and the Association moved to compel arbitration. The Supreme Court granted the petition and denied the motion.
The first issue to be resolved when determining whether a dispute is subject to public sector employment arbitration is “whether the subject of the claim sought to be arbitrated is the type authorized by the Taylor Law (codified as Civil Service Law art 14)” (Matter of Blackburne [Governor’s Off. of Empl. *940 Relations], 87 NY2d 660, 665 [1996]; see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d 132, 137-138 [1999]; Matter of Mineola Union Free School Dist. v Mineola Teachers’ Assn., 37 AD3d 605 [2007]). “If a statute, decisional law or public policy precludes the governmental employer and employee from referring the dispute to arbitration, then the answer to this inquiry is no and the claim is not arbitrable” (Matter of Blackburne [Governor’s Off. of Empl. Relations], 87 NY2d at 665; see Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d 509, 513 [1977]).
“There is no firmer or more settled principle of Establishment Clause jurisprudence than that prohibiting the use of the State’s power to force one to profess a religious belief’ (Matter of Griffin v Coughlin, 88 NY2d 674, 686 [1996], cert denied 519 US 1054 [1997]). Here, the clear wording of the religious holidays provision rewarded members of the Association who claimed to be religiously observant with more paid days off than those afforded to agnostics, atheists, and members who were less observant. As a result, the religious holidays provision violated the Establishment Clause of the First Amendment of the United States Constitution (see Agostini v Felton, 521 US 203, 233 [1997]; Lemon v Kurtzman, 403 US 602, 612-613 [1971]; Matter of Griffin v Coughlin, 88 NY2d 674 [1996]; Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn., 268 AD2d 523 [2000]; cf. Matter of MaineEndwell Teachers’ Assn. v Board of Educ. of Maine-Endwell Cent. School Dist., 3 AD3d 685 [2004]). Accordingly, the Supreme Court properly granted the School District’s petition to permanently stay arbitration and denied the Association’s motion to compel arbitration (see Matter of Blackburne [Governor’s Off. of Empl. Relations], 87 NY2d at 665; Matter of Mineola Union Free School Dist. v Mineola Teachers’ Assn., 37 AD3d 605 [2007]; Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn., 268 AD2d 523 [2000]). Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur. [Prior Case History: 2011 NY Slip Op 32685(U).]