Matter of Board of Educ. v Yonkers Fedn. of Teachers (2020 NY Slip Op 06524)





Matter of Board of Educ. v Yonkers Fedn. of Teachers


2020 NY Slip Op 06524


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2018-00839
 (Index No. 54807/17)

[*1]In the Matter of Board of Education, Yonkers City School District, appellant, 
v
Yonkers Federation of Teachers, respondent.


Coughlin & Gerhart, LLP (Spolzino Smith Buss & Jacobs, LLP, White Plains, NY [Robert A. Spolzino and Joanna M. Topping], of counsel), for appellant.
Robert T. Reilly, New York, NY (Michael J. Del Piano and Christopher R. Scoville of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated December 1, 2017. The order denied the petition and granted the respondent's motion to compel arbitration.
ORDERED that the order is affirmed, with costs.
The petitioner, Board of Education, Yonkers City School District (hereinafter the Board), and the respondent, Yonkers Federation of Teachers (hereinafter the YFT), are parties to a collective bargaining agreement (hereinafter the CBA). In 2017, the YFT filed a grievance alleging that someone disclosed confidential information to the public regarding disciplinary charges against two tenured teachers in violation of, inter alia, the Code of Ethics for Yonkers Board Members, Officers, and Employees, the General Municipal Law, and the CBA.
The Board thereafter commenced this proceeding pursuant to CPLR article 75 to
permanently stay arbitration, and the YFT moved to compel arbitration. The Supreme Court denied the petition and granted the motion. We affirm.
"Public policy in New York favors arbitral resolution of public sector labor disputes" (Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 153 AD3d 617, 617; see Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.], 90 NY2d 364, 372). "However, a dispute between a public sector employer and an employee is only arbitrable if it satisfies a two-prong test" (Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 153 AD3d at 617-618).
First, "the court must determine whether there is any statutory, constitutional, or public policy prohibition against arbitrating the grievance" (Locust Valley Central School District v Benstock, 144 AD3d 758, 759 [internal quotation marks omitted]; see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua [*2]Unit 6300, Chautauqua County Local 807, 8 NY3d 513, 519). "'If there is no prohibition against arbitrating, the court must examine the parties' collective bargaining agreement and determine if they in fact agreed to arbitrate the particular dispute'" (Matter of County of Rockland v Correction Officers Benevolent Assn. of Rockland County, Inc., 126 AD3d 694, 695, quoting Matter of Board of Educ. of Deer Park Union Free School Dist. v Deer Park Teachers' Assn., 77 AD3d 747, 748).
The Board asserts that arbitration of the YFT's grievance is prohibited by General Municipal Law § 806 and public policy because the Board reserved its right to adopt the Code of Ethics authorized by the statute. At the outset, the Board did not previously raise that contention. Although that contention may be raised for the first time on appeal (see Matter of Niagara Wheatfield Adm'rs Assn. [Niagara Wheatfield Cent. School Dist.], 44 NY2d 68, 72; Matter of City of Lockport [Lockport Professional Firefighters Assn., Inc.], 133 AD3d 1358, 1359), we find that it is without merit. That a violation of the Board's Code of Ethics is a potential basis for discipline does not render it a nonarbitrable grievance (see Binghamton Civ. Serv. Forum v City of Binghamton, 44 NY2d 23).
Turning to the second prong of the inquiry, the Board contends that the grievance is excluded from arbitration as there is no reference in the CBA to the Code of Ethics. "In analyzing whether the parties in fact agreed to arbitrate the particular dispute, a court 'is merely to determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA'" (Matter of Board of Educ. of Yorktown Cent. Sch. Dist. v Yorktown Congress of Teachers, 98 AD3d 665, 667, quoting Matter of City of Johnstown [Johnstown Police Benevolent Assn], 99 NY2d 273, 279 [internal quotation marks omitted]).
In analogous cases, this Court has held that the arbitration provision of the CBA at issue here is broad (see Matter of Board of Educ. of the Yonkers City School Dist. v Yonkers Fedn. of Teachers, 180 AD3d 1041, 1043 [listing cases]). Moreover, we find that there is a reasonable relationship between the subject matter of the dispute, the disclosure to the public of confidential information regarding disciplinary charges against tenured teachers, and the general subject matter of the CBA, including conditions of employment (see e.g. id. at 1043).
Accordingly, we agree with the Supreme Court's determination denying the petition and granting the respondents' motion to compel arbitration.
LEVENTHAL, J.P., ROMAN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court