Matter of Town of Clarkstown v Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Town of Clarkstown Unit #8353, Rockland County 844 (2025 NY Slip Op 05243)

Matter of Town of Clarkstown v Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Town of Clarkstown Unit #8353, Rockland County 844

2025 NY Slip Op 05243

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-03621
 (Index No. 33425/22)

[*1]In the Matter of Town of Clarkstown, et al., appellants,
v
Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, Town of Clarkstown Unit #8353, Rockland County 844, respondent.

Vincent Toomey, Lake Success, NY (Thomas J. Marcoline and Heather P. Harrison of counsel), for appellants.
Charny & Wheeler P.C., Rhinebeck, NY (H. Joseph Cronen and Russell G. Wheeler of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioners appeal from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated March 13, 2023. The order, insofar as appealed from, denied the petition to permanently stay arbitration.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2022, the petitioners, Town of Clarkstown and Robert Milone, in his official capacity as the Superintendent of Highways of the Town, commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration demanded by the respondent, Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, Town of Clarkstown Unit #8353, Rockland County 844 (hereinafter CSEA). According to CSEA, the appointment of an external applicant to a position in the Town Highway Department violated a collective bargaining agreement (hereinafter the CBA) entered into by the Town and CSEA. CSEA contended that a filling vacancies provision in the CBA provided that current employees of the Town, including Highway Department employees, would be given precedence over external applicants in the hiring of posted positions. Upon the appointment of an external applicant to a position in the Highway Department, CSEA filed demands for arbitration on behalf of the current employees who applied for the position.
In an order dated March 13, 2023, the Supreme Court, inter alia, denied the petition. The petitioners appeal.
Pursuant to CPLR article 75, "[a] party who has not participated in the arbitration and who has not made or been served with an application to compel arbitration, may apply to stay arbitration on the ground that a valid agreement was not made" (Matter of Schrier, Shayne, Koenig, Samberg & Ryne, P.C. v Passante, 230 AD3d 503, 504 [internal quotation marks omitted]; see CPLR 7503[b]).
"Public policy in New York favors arbitral resolution of public sector labor disputes" (Matter of Board of Educ. v Yonkers Fedn. of Teachers, 188 AD3d 879, 879 [internal quotation marks omitted]; see Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 167 AD3d 599, 600). "However, a dispute between a public sector employer and an employee is only arbitrable if it satisfies a two-prong test" (Matter of Board of Educ. v Yonkers Fedn. of Teachers, 188 AD3d at 879 [internal quotation marks omitted]; see Matter of City of New Rochelle v Uniformed Fire Fighters Assn., Inc., Local 273, I.A.F.F., 206 AD3d 727, 728). "First, the court must determine whether there is any statutory, constitutional, or public policy prohibition against arbitrating the grievance" (Matter of Board of Educ. v Yonkers Fedn. of Teachers, 188 AD3d at 880 [internal quotation marks omitted]; see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d 513, 518-519). Second, "[i]f there is no prohibition against arbitrating, the court must examine the parties' collective bargaining agreement and determine if they in fact agreed to arbitrate the particular dispute" (Matter of Board of Educ. v Yonkers Fedn. of Teachers, 188 AD3d at 880 [internal quotation marks omitted]). Relatedly, "notwithstanding the public policy favoring arbitration, nonsignatories are generally not subject to arbitration agreements" (Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626, 630 [citation omitted]).
There is no statutory, constitutional, or public policy prohibition against arbitrating a grievance arising out of an alleged violation of the filling vacancies provision of the CBA. Contrary to the petitioners' contention, the filling vacancies provision of the CBA is not contrary to statutory or decisional law or public policy. A municipal employer may give preference for the filling of vacancies to certain individuals without offending public policy (see Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.], 90 NY2d 364, 376). Moreover, although Highway Law § 140(4) vests a town's highway superintendent with the authority to "employ such persons as may be necessary for[, inter alia], the maintenance and repair of the town highways and bridges," the CBA, and in particular, the filling vacancies provision, does not impede or usurp that authority to the extent that the provision does not require the highway superintendent to hire a nonqualified candidate (see Matter of Mineola Union Free School Dist. v Mineola Teachers' Assn., 37 AD3d 605, 606).
Further, the Supreme Court properly determined that the parties, including Milone, had, in effect, agreed to arbitrate the dispute at issue pursuant to the CBA. In particular, Milone, as a direct beneficiary of the CBA in his capacity as Superintendent of Highways, was subject to the arbitration procedures set forth in the CBA, even though he was not a signatory to the CBA (see Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d at 630-631; Matter of Long Is. Power Auth. Hurricane Sandy Litig., 165 AD3d 1138, 1141-1142). Notably, Milone and his predecessors as Superintendent of Highways had exploited and benefitted from the CBA, among other things, by utilizing and participating in the grievance and disciplinary procedures set forth therein. Morever, given that the persons engaged by a highway superintendent "to work on town highways are employees of the town" (Matter of Clarke v Town of Russia, 283 NY 272, 274) and, therefore, are subject to the CBA, it follows that a highway superintendent benefits from the CBA in fulfilling his or her obligations pursuant to Highway Law § 140(4) to employ and supervise such persons.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., MILLER, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court